The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
*******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. A set of letters from defendant to plaintiff or plaintiff's counsel is admitted into evidence.
2. A set of Industrial Commission Forms is admitted into evidence.
3. Plaintiff's Initial Report of Injury, is admitted into evidence.
4. A set of hand written letters from the North Carolina General Food Services Staff is admitted into evidence.
5. A statement from plaintiff dated 11 June 1993 is admitted into evidence.
6. Plaintiff's records from Triangle Back and Spine are admitted into evidence.
7. Plaintiff's records from Kaiser Permanente are admitted into evidence.
8. Plaintiff's records from Back Builder are admitted into evidence.
9. Plaintiff's physical therapy records are admitted into evidence.
10. Plaintiff's records from Comprehensive Rehabilitation Associates are admitted into evidence.
11. A set of plaintiff's paycheck stubs is admitted into evidence.
12. Defendant paid plaintiff temporary total disability compensation at the rate of $182.32 per week from 11 August 1993 to 19 January 1995.
13. Defendant paid plaintiff temporary partial disability compensation at the rate of $35.64 per week from 19 January 1995 to 31 May 1996.
*******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was fifty-two years old. Plaintiff had a seventh grade education. Her ability to read and write was limited. Her work history consisted primarily of employment as a custodian or housekeeper. Plaintiff was employed by defendant for approximately four years as a housekeeper.
2. On 8 June 1993, plaintiff was performing her work for defendant as a housekeeper, sitting on a stool cleaning a set of lights. The stool plaintiff was sitting on slipped out from under plaintiff and she fell against a wall.
3. As a result of the incident on 8 June 1993, plaintiff sustained a back injury that consisted of an aggravation of her pre-existing degenerative disc disease. Plaintiff received treatment for her condition from Dr. Gwinn, who prescribed water exercise for relief of her low back pain, vocational rehabilitation and vocational testing.
4. As a result of her injury on 8 June 1993, plaintiff was rendered incapable of returning to work for defendant. Defendant employed Comprehensive Rehabilitation Associates (CRA) to assist plaintiff in obtaining alternate employment. Plaintiff cooperated with defendant's vocational rehabilitation efforts but was unable to obtain alternative employment until 23 January 1995, when she began her employment with the North Carolina General Assembly Food Service. In her new employment, plaintiff's work duties were to make salads and sandwiches in the legislature's cafeteria.
5. In her new position, plaintiff earned $5.50 per hour and was scheduled to work forty hours per week while the General Assembly was in session. The General Assembly Food Service did not make work available to plaintiff when the legislature was not in session. Plaintiff worked for the food service from 23 January 1995 through 1 August 1995, when the legislative session was concluded and plaintiff was laid off.
6. Plaintiff returned to work for the food service on 27 October 1995 when a special legislative session was convened. Plaintiff continued to work for the food service through 10 November 1995, when the special session concluded.
7. Plaintiff did not return to work for the food service until 13 May 1996 when the General Assembly reconvened. Plaintiff continued to work through 24 June 1996, the end of the legislative session. She then worked for the food service from 8 July 1996 through 5 August 1996. At the time of the hearing, plaintiff had not worked since 5 August 1996.
8. From 11 August 1993 to 19 January 1995, defendant paid plaintiff temporary total disability compensation. Upon plaintiff's return to work, defendant paid plaintiff temporary partial disability compensation at the rate of $35.64 per week from 19 January 1995 through 31 May 1996.
9. Defendant ceased paying plaintiff temporary partial disability compensation on 31 May 1996. Defendant did not seek or obtain permission from the North Carolina Industrial Commission to cease payment of temporary partial disability compensation.
10. From 19 January 1995 through the date of the hearing in this case, plaintiff was capable of earning $220.03 per week.
11. As a result of her injury on 8 June 1993, plaintiff's earning capacity was diminished by $53.44 per week from 19 January 1995 through the date of the hearing before the Deputy Commissioner.
12. There is no evidence of record that defendant's failure to pay plaintiff temporary partial disability compensation in accordance with the parties' Supplemental Memorandum of Agreement as to Payment of Compensation was due to conditions over which defendant had no control.
*******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is entitled to payment of temporary partial disability compensation at the rate of $35.64 per week from 31 May 1996 and continuing for 300 weeks from 8 June 1993, less the number of weeks during which plaintiff received temporary total disability compensation, until order of the Industrial Commission allowing defendant to cease payment of temporary partial disability compensation. N.C. Gen. Stat. § 97-30; Brown v. PublicWorks Commission, 122 N.C. App. 473, 470 S.E.2d 352 (1996); Radicav. Carolina Mills, 113 N.C. App. 440, 439 S.E.2d 185 (1994).
2. Plaintiff is entitled to payment of a sum equal to ten percent of the compensation due to her from 31 May 1996 through the date of this Opinion and Award. N.C. Gen. Stat. § 97-18(g);Kisiah v. W.R. Kisiah Plumbing, Inc., 124 N.C. App. 72,476 S.E.2d 434 (1996).
3. Plaintiff is entitled to payment of all medical expenses incurred as a result of her injury on 8 June 1993 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen her period of disability. N.C. Gen. Stat. § 97-25.
*******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff temporary partial disability compensation at the rate of $35.64 per week from 31 May 1996 and continuing for 300 weeks from 8 June 1993, less the number of weeks during which plaintiff received temporary total disability compensation, until order of the Industrial Commission allowing defendant to cease payment of temporary partial disability compensation. This amount, to the extent that it has accrued, shall be paid in a lump sum, subject to the attorney's fee approved in paragraph 4.
2. Defendant shall pay plaintiff a sum equal to ten percent of the compensation due to her from 31 May 1996 through the date of this Opinion and Award. This amount shall be paid in a lump sum.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of her injury on 8 June 1993 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen her period of disability.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff is approved for plaintiff's attorney and shall be paid as follows: twenty-five percent of the lump sum due plaintiff under paragraph 1 of this Award shall be deducted from that amount and paid directly to plaintiff's attorney. Thereafter, plaintiff's attorney shall receive every fourth compensation check due plaintiff.
5. Each side shall bear its own costs of this appeal.
*******************
ORDER
In the event of a further appeal by plaintiff to the North Carolina Court of Appeals, the Commission, pursuant to N.C.G.S.97-86.1 (a), on its own motion, ORDERS defendant to pay plaintiff the undisputed amounts of temporary partial disability compensation owed to plaintiff pursuant to Paragraphs 1 and 2 of the foregoing Award. If plaintiff is subsequently awarded temporary total disability compensation for this same period, defendant shall be entitled to a credit for the temporary partial disability compensation paid plaintiff pursuant to this Order.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ THERESA B. STEPHENSON DEPUTY COMMISSIONER
S/ ______________________ W. BAIN JONES, JR. DEPUTY COMMISSIONER