AMOS A. ESTES, Employee, Plaintiff v. N.C. STATE UNIVERSITY, Employer; SELF-INSURED, Defendants

No. 9410IC40

(Filed 15 November 1994)

1. **Workers' Compensation § 88 (NCI4th)— opinion awarding interest and costs—entry after commissioner's term expired—opinion void**

An opinion and award of interest and costs, including attorney's fees, by the Industrial Commission was void where it was rendered after the term of one commissioner, who was in the majority on a two-to-one vote, had expired.

**Am Jur 2d, Workers' Compensation § 55.**

2. **Workers' Compensation § 477 (NCI4th)— costs including attorney's fees—award on appeals by defendant proper**

The Industrial Commission could properly award plaintiff attorney's fees as part of costs under N.C.G.S. § 97-88 on two but not three appeals where two of the appeals were made by defendant, and both the full Commission and the court on appeal affirmed the award of benefits.

**Am Jur 2d, Workers' Compensation §§ 722, 725.**

Appeal by defendant from opinion and award of the North Carolina Industrial Commission filed 23 August 1993. Heard in the Court of Appeals 28 September 1994.

ESTES v. N.C. STATE UNIVERSITY

[117 N.C. App. 126 (1994)]

*Gene Collinson Smith for plaintiff-appellee.*

*Michael F. Easley, Attorney General, by Elisha H. Bunting, Jr., Special Deputy Attorney General, for defendant-appellant.*

LEWIS, Judge.

The issue before us is whether the Industrial Commission (here-inafter "the Commission") erred in awarding plaintiff attorney's fees pursuant to N.C.G.S. § 97-88 (1991). We note that this appeal is the third appeal of this case to this Court. A brief restatement of the procedural history of the case is necessary for resolution of the issue before us.

Plaintiff was employed by self-insured defendant and was injured in a work-related accident on 21 September 1984. Pursuant to plaintiff's request, the case was heard by a deputy commissioner, who concluded that defendant was required to pay plaintiff workers' compensation disability benefits. The deputy's opinion and award was affirmed by the full Commission. Thereafter, this Court, in *Estes v. North Carolina State University*, 89 N.C. App. 55, 365 S.E.2d 160 (1988), affirmed the award. The Court, in its discretion, went on to discuss a second issue, not properly raised by defendant. This second issue was defendant's contention that it was entitled to a set-off or credit for certain amounts already paid to plaintiff. The Court remanded the case for a determination of the set-off issue.

On remand, a deputy commissioner concluded that defendant was entitled to a set-off or credit for the amounts already paid to plaintiff, and the full Commission affirmed. Plaintiff appealed to this Court, which reversed the decision of the Commission and remanded for reinstatement of plaintiff's claim for disability benefits. *Estes v. North Carolina State Univ.*, 102 N.C. App. 52, 401 S.E.2d 384 (1991).

Thereafter, on 25 March 1991 plaintiff petitioned the Commission to award him interest and costs, including attorney's fees. The full Commission, by opinion and award filed 23 August 1993, awarded (1) interest, (2) an attorney's fee in the amount of twenty-five percent of the disability benefits, and (3) costs, including attorney's fees of $10,000, under N.C.G.S. § 97-88.

[1] On appeal, defendant argues that the 23 August 1993 opinion and award is void because it was rendered after the term of Commissioner J. Harold Davis had expired. Because the vote was two-to-one, and

Davis was in the majority, defendant contends, the opinion and award was not rendered by a majority of the Commission. We agree.

The Commission acts by a majority of the votes of its qualified members at the time the decision is made. *Gant v. Crouch*, 243 N.C. 604, 607, 91 S.E.2d 705, 707 (1956). Thus, a vote of two members constitutes a majority of the Commission empowered to act for the three-member Commission. *Id.* In the present case, the Commission consisted of Chairman James J. Booker, J. Harold Davis, and J. Randolph Ward. The opinion and award was signed by Chairman Booker on 4 August 1993 and was filed 23 August. Davis concurred and Ward dissented. However, Davis' term had expired 30 April 1993. Davis attached an affidavit to the opinion and award which stated that his decision had been made as of the date the Commission heard oral argument of the case, 30 September 1992, and that his decision had not changed in the interim. We cannot agree with plaintiff that Davis' vote on 30 September was a final, binding vote. The votes made after oral argument were merely preliminary votes. To say that these preliminary votes could bind the Commission would be to render meaningless the opinion and award signed and filed by the commissioners. In fact, the record in this case indicates that the Commission was still undecided about the issue of attorney's fees as late as 30 June 1993, as evidenced by a letter from Chairman Booker requesting further legal arguments from the parties on the issue. Accordingly, we hold that because Davis' term had expired at the time he signed the August 1993 opinion and award, the opinion and award is void and must be vacated.

**[2]** Defendant also contends that the Commission exceeded its authority and abused its discretion in awarding attorney's fees as part of costs under N.C.G.S. § 97-88. Under section 97-88, the Commission may award attorney's fees to an injured employee if (1) the insurer has appealed a decision to the full Commission or to any court, and (2) on appeal, the Commission or court has ordered the insurer to make, or continue making, payments of benefits to the employee. § 97-88; *Taylor v. J.P. Stevens Co.*, 307 N.C. 392, 399, 298 S.E.2d 681, 685 (1983). Whether to make such an award is in the discretion of the Commission, as is the question of a reasonable attorney's fee. § 97-88; *Taylor*, 307 N.C. at 397, 298 S.E.2d at 685.

In the case at hand, defendant appealed the initial award of benefits from the deputy commissioner to the full Commission and then to this Court. Both the full Commission and this Court affirmed the award of benefits. Thus, the requirements of section 97-88 are satis-

fied, and the Commission may award plaintiff the costs, including attorney's fees, of defending those appeals to the full Commission and to this Court.

As to the second set of appeals, it was plaintiff, and not defendant, who appealed. Therefore, plaintiff is not entitled to costs, including attorney's fees, under section 97-88. However, the Commission may award plaintiff the costs, including attorney's fees, for the current appeal, as it was defendant who appealed to this Court, and we have held that the Commission could have properly awarded attorney's fees for the first set of appeals. *See Poplin v. PPG Indus.*, 108 N.C. App. 55, 57-58, 422 S.E.2d 353, 355 (1992).

For the reasons stated, the opinion and award of the Industrial Commission is vacated and the case is remanded to the Industrial Commission for consideration of the question of attorney's fees.

Vacated and remanded.

Judges JOHNSON and GREENE concur.