WILLIE M. BROWN, Plaintiff-Employee, v. PUBLIC WORKS COMMISSION, Defendant-Employer, SELF-INSURED, Defendant-Carrier

No. COA95-751

(Filed 21 May 1996)

**1. Workers' Compensation § 258 (NCI4th)— term of partial disability—interpretation of statute**

The plain meaning of N.C.G.S. § 97-30 is that the term of partial disability, not the term of total and partial disability *combined,* is to last no longer than 300 weeks less the period of total disability.

**Am Jur 2d, Workers' Compensation § 381.**

**2. Workers' Compensation § 478 (NCI4th)— costs of appeal— recovery by employee**

Even though plaintiff employee had appealed decisions within the Industrial Commission, plaintiff is entitled to recover his costs, including attorney's fees, incurred in this appeal by

defendant employer of the order of the Full Commission where the appellate court affirmed the directive that defendant pay additional benefits to plaintiff. Furthermore, plaintiff was not required to show that defendant's appeal was "without reasonable ground" in order to recover such costs.

**Am Jur 2d, Workers' Compensation §§ 722, 725.**

Appeal by defendant from order entered 3 May 1995 by the North Carolina Industrial Commission. Heard in the Court of Appeals 21 March 1996.

*Patterson, Harkavy & Lawrence, by Donnell Van Noppen III, for plaintiff-appellee.*

*Reid, Lewis, Deese, Nance & Person, by Renny W. Deese, for · defendant-appellants.*

JOHN, Judge.

[1]   Defendant appeals an order of the North Carolina Industrial Commission (the Commission) awarding plaintiff 48 2/7 additional weeks of partial disability compensation pursuant to N.C.G.S. § 97-30 (1991). We affirm the Commission's order.

Pertinent facts and procedural history are as follows: Plaintiff was injured 1 April 1988 by accident in the course of his employment with defendant. He thereafter received temporary total disability benefits for a period of 48 2/7 weeks. Although plaintiff returned to work, his wages were reduced 7 February 1990 from their pre-injury level in consequence of his diminished physical capacity. Plaintiff subsequently received partial disability benefits pursuant to G.S. § 97-30, which provides in pertinent part:

Except as otherwise provided in G.S. 97-31, where the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such disability, a weekly compensation equal to sixty-six and two-thirds percent (66 2/3%) of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than the amount established annually to be effective October 1 as provided in G.S. 97-29 a week, and *in no case shall the period covered by such compensation be greater than 300 weeks from the date of injury. In case the partial disability*

*begins after a period of total disability, the latter period shall be deducted from the maximum period herein allowed for partial disability.*

(emphasis added).

The period of 300 weeks from the date of plaintiff's injury ran until 6 January 1994. However, defendant ceased paying partial disability benefits to plaintiff 25 February 1993, 48 2/7 weeks prior to 6 January 1994. Defendant's proffered rationale was that G.S. § 97-30 calls for a reduction in the 300 week maximum benefit period by the number of weeks a claimant has received temporary total benefits. According to defendant, therefore, plaintiff was entitled to receive benefits (either temporary total *or* partial) no longer than 251 5/7 weeks—the maximum statutory period of 300 weeks minus the 48 2/7 weeks of temporary total benefits he received.

Upon request of plaintiff to resolve the parties' dispute concerning the proper term of his benefit period, the Full Commission ultimately ordered defendant to pay plaintiff 48 2/7 additional weeks of compensation. In its order, filed 3 May 1995, the Commission observed:

Defendant has misread the second sentence of [G.S. § 97-30]. . . . [E]ven if the "incapacity for work resulting from the injury" was initially total rather than partial, claimant would receive periodic benefits of either kind for no more than 300 weeks following the injury. The "period of total disability" is "deducted" by counting that period as a part of "the maximum period herein allowed for partial disability."

Defendant filed notice of appeal to this Court 5 June 1995.

Defendant reiterates to this Court the interpretation of the statute at issue which it advanced before the Commission. Defendant also notes that no reported appellate decision has addressed the meaning of the directive in G.S. § 97-30 that the period of total disability benefits "shall be deducted from the maximum period herein allowed for partial disability." Plaintiff responds that the section is unambiguous and thus appellate analysis has been unnecessary:

Because periods of partial disability often follow periods of total disability, the General Assembly needed to clarify whether the 300-week maximum partial disability period *includes* the time during which temporary total disability is paid or is in *addition* to

the time in which temporary total disability is paid. The language [in the second sentence of the statute] makes clear that temporary total disability is *included* in the 300-week period.

We agree.

The plain meaning of the statute is that the term of partial disability, not the term of total and partial disability *combined*, is to last no longer than 300 weeks less the period of total disability. Indeed, the statute pointedly and specifically states that the period of total disability "shall be deducted from the maximum period herein allowed for *partial* disability." (emphasis added). Defendant's interpretation could be sustained only if the statute mandated that the period of total disability be "deducted" from the period permitted for *any* disability rather than from the maximum period allotted for *partial* disability.

Were we to adopt defendant's approach, moreover, an employee who has suffered serious injury and received total disability would be eligible for *less* partial disability when healed than an individual with a less serious injury who became only partially disabled, rather than totally, upon sustaining the injury. For example, under defendant's analysis, an employee who suffers a devastating injury and is totally disabled for 150 weeks would be entitled to no subsequent wage-loss benefits despite a probable drastic reduction in earning power, since the 150 week period of temporary total disability benefits would be "deducted" from the 300 week maximum period to yield only 150 weeks—which had already been paid as temporary total disability. On the other hand, an employee with a less severe injury who experiences some wage loss over the entire 300 weeks would be permitted to receive 300 weeks of benefits without "deduction."

Such illogical results as the foregoing could not have been intended by our General Assembly. *See Comr. of Insurance v. Automobile Rate Office*, 294 N.C. 60, 68, 241 S.E.2d 324, 329 (1978) (Courts construing statutes are to adopt an "interpretation which will avoid absurd or bizarre consequences, the presumption being that the legislature acted in accordance with reason and common sense and did not intend untoward results."). Accordingly, we reject defendant's first assignment of error and likewise determine its second, couched in similar vein, to be without merit.

[2] In addition to responding to defendant's appeal, plaintiff has also requested pursuant to N.C.G.S. § 97-88 (1991) that defendant be

**BROWN v. PUBLIC WORKS COMM.**

[122 N.C. App. 473 (1996)]

ordered to pay plaintiff's expenses incurred in connection with the instant appeal. Defendant retorts that plaintiff has appealed all decisions entered below save the Order for the Full Commission at issue herein on defendant's appeal. Defendant further argues that plaintiff has nowhere suggested defendant's appeal is "without reasonable ground," citing N.C.G.S. § 97-88.1 (1991).

Regarding defendant's first argument, we note this Court has previously held that attorney's fees may be awarded an injured employee by the Commission or a reviewing court

> [u]nder section 97-88, . . . if (1) the insurer has appealed a decision to the full Commission or to any court, and (2) on appeal, the Commission or court has ordered the insurer to make, or continue making, payments of benefits to the employee.

*Estes v. N.C. State University*, 117 N.C. App. 126, 128, 449 S.E.2d 762, 764 (1994). Appeals by plaintiff within the Commission notwithstanding, defendant has appealed the Full Commission's order to this Court, which has affirmed the directive that defendant pay additional benefits to plaintiff. The statutory requirements thus have been met. Moreover, the proviso that "reasonable ground" be found lacking applies to fees sought under G.S. § 97-88.1 at the original hearing before the Commission. G.S. § 97-88, governing "[e]xpenses of appeals brought by insurers," contains no similar "without reasonable ground" language. Defendant's second argument thus is inapposite.

In our discretion, *see Estes*, 117 N.C. App. at 128, 449 S.E.2d at 764, we grant plaintiff's request, and remand this matter to the Commission for determination of the amount owed plaintiff for the costs of this appeal, including a reasonable attorney's fee.

Affirmed and remanded.

Judges EAGLES and WALKER concur.