This matter was appealed by defendants from the Opinion and Award entered by the Full Commission on January 11, 1996 to the North Carolina Court of Appeals and to the North Carolina Supreme Court. In Case Number COA96-522, the North Carolina Court of Appeals affirmed the Opinion and Award of the Industrial Commission in an opinion filed May 6, 1997. Additionally, defendant's Petition for Discretionary Review was denied by order of the North Carolina Supreme Court on July 23, 1997.
Plaintiff has moved for attorney's fees stating that the amount awarded to him is $2,000 and that his attorney could not be adequately compensated from the award of $2,000 for the time spent defending the appeals.
Plaintiff further moved that the Full Commission require defendant-insurer as the appealing, non-prevailing, party to pay attorney's fees as part of costs pursuant to G.S. § 97-88. Plaintiff's attorney has expended 43.6 hours in defending defendant's appeals to the Full Commission and to the appellate courts. An attorney's fee of one hundred dollars ($100) per hour is reasonable.
N.C. Gen. Stat. § 97-88 allows the Full Commission to award attorney's fees. Plaintiff's motion for attorney's fees is supported by the law as established by the North Carolina Supreme Court and the North Carolina Court of Appeals. In Taylor v. J.P.Stevens Co., 307 N.C. 392 (1983), the Court held that the Full Commission has the discretion to award attorney's fees when it deems necessary. The Court also held that the Full Commission can award attorney's fees for defending an appeal before the Supreme Court of North Carolina.
In addition to the holding from the North Carolina Supreme Court, the North Carolina Court of Appeals addressed the issue of attorneys' fees in Estes v. N.C. State University, 117 N.C. App. 126,449 S.E.2d 762 (1994). The Court in Estes held that the Full Commission has the discretion to award attorney's fees and has the discretion to decide the issue of a reasonable attorney's fee.
****************
Based on the foregoing, the Full Commission concludes as matters of law that:
1. The Full Commission has the authority to award a reasonable attorney's fee to plaintiff's attorney for defending the appeals as part of the costs in the case herein under G.S. § 97-88 and under the law as established by the Supreme Court of North Carolina and the North Carolina Court of Appeals.
2. In addition to the twenty-five percent (25%) attorney's fee previously awarded and payable by the plaintiff, the plaintiff's attorney is entitled to a reasonable attorney's fee of $4,360.00 for defending the appeals.
Therefore, it is HEREBY ORDERED that the defendant-insurer shall pay as part of cost under G.S. § 97-88 plaintiff's attorney's fees in the amount of $4,360.00 for defending the various appeals.
This the _________ day of ____________________________, 1997.
FOR THE FULL COMMISSION
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ LAURA K. MAVRETIC COMMISSIONER
order 4/BB/jth