I respectfully dissent for the reasons stated in my dissent to the earlier Opinion and Award. Plaintiff did not offer evidence on the issue of whether her injury by accident caused a wage loss after 20 August 1995. Of her sixteen years of work experience, plaintiff worked for defendant for only four months. There is no evidence that a reasonable job search was in fact unsuccessful or would be futile, and there is no evidence linking plaintiff's piriformis and left-sided lateral rotator syndrome to an inability to earn wages after 20 August 1995.
I note that, at the time of the evidentiary hearing, plaintiff was fifty-two years of age, not fifty-five as the Opinion and Award now finds. Her current age is not relevant to issues defined at the evidentiary hearing in 1996.
Because plaintiff has not proved that her injury on 6 January 1995 rendered her disabled after August 1995, I respectfully dissent from the award of continuing disability benefits.
I further dissent because this Opinion and Award was filed after Chairman Bunn was no longer with the Commission. It is the filing date that is relevant in that respect, not the date of signature. More significant, however, is the fact that the dissent was signed and circulated to Chairman Bunn after his initial concurrence, and, prior to his retirement, he did not indicate whether his position remained the same. Under these circumstances, the Commission did not have a majority vote, and another commissioner should have been substituted to review the case. See Estes v. N.C. State Univ., 117 N.C. App. 126,449 S.E.2d 762 (1994).
This Amended Dissent was filed on the day I became aware that the Opinion and Award had been filed.
This the 26th day of October 1999.
S/_____________ RENEE C. RIGGSBEE COMMISSIONER