WILDA KAY ZIMMERMAN, Employee, Plaintiff v. EAGLE ELECTRIC MANUFACTURING CO., Employer; ZURICH-AMERICAN INSURANCE COMPANY, Carrier; Defendants

No. COA00-1287

(Filed 18 December 2001)

1. **Workers' Compensation— back injury—greater risk than general public—supporting testimony**

There was evidence in the record in a workers' compensation action supporting the Industrial Commission's findings that the demands of plaintiff's job increased her risk of injury above that of the general public and that her job caused, exacerbated, or

ZIMMERMAN v. EAGLE ELEC. MFG. CO.

[147 N.C. App. 748 (2001)]

accelerated her injury. While defendants argued that medical testimony supporting these findings should have been given lesser weight than other testimony because the testimony was based on speculation, the doctor was received as an expert witness, he stated clear and definite opinions to a reasonable degree of medical certainty, and he based his opinions on his experience and available information.

**2. Workers' Compensation— disability—not purely a medical question**

The findings of the Industrial Commission that a workers' compensation plaintiff had met her burden of proving total and permanent disability were supported by the evidence where defendants argued that the doctors did not testify that plaintiff had no physical capacity to work, but disability is not purely a medical question. The evidence here included medical testimony regarding the extent of plaintiff's physical limitations and other evidence that plaintiff had unsuccessfully sought numerous jobs with defendant-employer, through State Vocational Rehabilitation, and through private companies.

**3. Workers' Compensation— back injury—specific traumatic event—judicially cognizable time**

In a workers' compensation action arising from a back injury, the Industrial Commission's findings of fact that plaintiff sustained two specific traumatic incidents supported the conclusion that plaintiff sustained compensable injuries as defined by N.C.G.S. § 97-2(6) where the Commission found that plaintiff had an onset of specific symptoms on two specific days. Although defendants contended that there should be an "inciting event," a worker must only show that the injury occurred at a judicially cognizable time in order to prove a "specific traumatic event."

Appeal by defendants from Opinion and Award entered 3 August 2000 by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 September 2001.

*Law Offices of George W. Lennon, by George W. Lennon and Michael W. Ballance, for plaintiff-appellee.*

*Young, Moore and Henderson, P.A., by Dawn M. Dillon and Tina Lloyd Hlabse, for defendants-appellants.*

ZIMMERMAN v. EAGLE ELEC. MFG. CO.

[147 N.C. App. 748 (2001)]

HUDSON, Judge.

Defendants appeal an Opinion and Award of the North Carolina Industrial Commission (the "Commission") awarding plaintiff permanent total disability compensation as a result of two separate compensable accidents and an occupational disease. We affirm.

The following is a summary of pertinent findings of the Commission: Plaintiff began working for defendant-employer in January of 1989, and continued for approximately eight and one-half years with only a one-month interruption in that employment. During her entire employment relationship with defendant-employer, plaintiff worked as an assembler of electrical replacement plugs for extension cords. To do her job, she sat in one position, bending forward, pushing together the various parts to assemble the plugs. As part of her job, plaintiff also lifted baskets of parts and moved barrels.

On 19 June 1996, plaintiff was working on the very fast "Number 3" job in which she was required to produce 480 parts per hour. She experienced "a stiff neck, as well as right arm and shoulder pain." Plaintiff reported this pain to the nurse, and followed the nurse's directives; when plaintiff's pain failed to subside, the nurse recommended her work station be modified. As a result, plaintiff worked in a light duty or "Number 1" station for two months. While working on 16 September 1996, plaintiff experienced "a tingling sensation radiating from her right shoulder into the thumb and first finger of her right hand." Plaintiff reported this incident, and then was seen by the company doctor, Dr. Vandermeer. Dr. Vandermeer performed limited testing on plaintiff, and treated her for four months, producing no improvement in her condition. Plaintiff's primary doctor, Dr. Cook, examined her in January of 1998, discovered that she had a herniated disc, and referred her to a surgeon.

The surgeon, Dr. Robin Koeleveld, performed surgery, "a C6-C7 anterior discectomy and fusion utilizing an iliac crest bone graft," on 16 March 1998. Plaintiff's condition improved somewhat after the surgery, but her primary care doctor, Dr. Cook, placed very limiting and permanent restrictions on plaintiff's work activities. Plaintiff has not been able to find work within her restrictions.

In accordance with the testimony of Dr. Koeleveld, the Commission found as fact that "plaintiff's cervical symptoms resulted from her work and working position" and that nothing outside of work had caused her condition. Dr. Cook testified and the

Commission found as fact that "plaintiff has reached maximum medical improvement and that her injury was permanent." Dr. Cook also testified in agreement with Dr. Koeleveld that plaintiff's "symptoms were due to causes and conditions characteristic and peculiar to her employment and were not an ordinary disease of life to which the public was equally exposed." The Commission concluded that the plaintiff has met her burden of proving total disability, and awarded the plaintiff continuing (permanent) total disability compensation until she returns to work at her pre-injury wages or until the Industrial Commission orders otherwise. Defendants appeal the Commission's decision to this court.

Before addressing the defendants' arguments, we summarize the appropriate standard of review. "[A]ppellate courts reviewing Commission decisions are limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). *Accord Goff v. Foster Forbes Glass Div.*, 140 N.C. App. 130, 535 S.E.2d 602 (2000); *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998); *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 233 S.E.2d 529 (1977). " 'The findings of fact by the Industrial Commission are conclusive on appeal if supported by any competent evidence.' " *Adams*, 349 N.C. at 681, 509 S.E.2d at 414 (quoting *Gallimore*, 292 N.C. at 402, 233 S.E.2d at 531). We treat the findings of fact as conclusive " 'even when there is evidence to support contrary findings.' " *Allen v. Roberts Elec. Contr'rs*, 143 N.C. App. 55, 60, 546 S.E.2d 133, 137 (2001) (quoting *Pittman v. International Paper Co.*, 132 N.C. App. 151, 156, 510 S.E.2d 705, 709, *disc. rev. denied*, 350 N.C. 310, 534 S.E.2d 596, *aff'd*, 351 N.C. 42, 519 S.E.2d 524 (1999)). The Supreme Court in *Deese* found that the reviewing Court is bound by the findings of fact "[e]ven though there is conflicting testimony, [where] there is competent evidence in the record to support the Commission's findings of fact." 352 N.C. at 117, 530 S.E.2d at 553. In following *Adams*, *Deese*, and other similar decisions, we limit our review in this case to (1) whether any competent evidence supports the Commission's findings of fact and (2) whether the findings of fact support the Commission's conclusions of law. *See id.* at 116-17, 530 S.E.2d at 553.

In their first argument, defendants contend that the findings of the Commission do not support the conclusions that she suffered two specific traumatic incidents (compensable accidents to the back).

N.C. Gen. Stat. § 97-2(6) (1999). In their second and third arguments, defendants maintain that there is "no competent evidence to support" most of the findings of fact of the Commission. We first address and overrule all assignments of error raised in Arguments II and III.

[1] In Argument II, defendants contend that the evidence in the record does not support the Commission's findings to the effect that the demands of plaintiff's job increased her risk of injury above that of the general public, or its findings that her job "caused, exacerbated, or accelerated" her injury. The plaintiff points out in her brief, and defendants do not disagree, that the testimony of Dr. Cook supported these findings. Defendants argue that the testimony of other witnesses should have been given greater weight because Dr. Cook's testimony was based on "speculation." Review of Dr. Cook's testimony reveals otherwise; he was received as an expert witness, and he stated clear and definite opinions to a reasonable degree of medical certainty, based on his experience and available information. As it is not our task to re-weigh the evidence, we decline to do so. This argument has no merit.

[2] In Argument III, defendants contend that the findings of the Commission, to the effect that the plaintiff has met her burden of proving total and permanent disability, are not supported by the evidence. Defendants maintain that since the doctors did not testify that the plaintiff had no physical capacity to work at all, but only that she had significant permanent restrictions, she could not be totally disabled. We disagree.

As the plaintiff points out, this Court has clearly outlined different methods that a plaintiff may employ to prove total loss of wage-earning capacity, and thus, entitlement to total disability benefits under N.C. Gen. Stat. § 97-29 (1999). *See Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 425 S.E.2d 454 (1993). One such method is by "the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment." *Id.* at 765, 425 S.E.2d at 457. Here, the plaintiff's evidence was found as fact. This evidence included medical testimony regarding the extent of her physical limitations, and other evidence that plaintiff sought numerous jobs with defendant-employer, through State Vocational Rehabilitation and through private companies, but she was unsuccessful. Defendants appear to be assuming that the only way to prove total disability is by medical evidence. They argue that "there is no competent evidence in the record to support the Full Commission's

finding that plaintiff was permanently and totally disabled," based on the assertion that no doctor testified unequivocally that plaintiff is capable of no work whatsoever. It is clear that disability (loss of wage earning capacity) is not purely a medical question. *See Russos v. Wheaton Industries*, 145 N.C. App. 164, 168, 551 S.E.2d 456, 459 (2001) (noting that "the term 'disability' is not simply a medical question, but includes an assessment of other vocational factors, including age, education, and training."); *Little v. Food Service*, 295 N.C. 527, 246 S.E.2d 743 (1978). Defendants encourage an incorrect application of the law in this arena, and we reject this argument.

[3] Finally, we address defendants' Argument I, that the findings of fact do not support the Commission's conclusions that the plaintiff sustained two specific traumatic incidents. The essence of the defendants' argument is the contention that the only evidence to support these findings and conclusions is evidence that the plaintiff complained of pain on two occasions, while performing her job. This argument does not accurately reflect the legal requirement for proof of "specific traumatic incident," nor does it accurately state the findings of the Commission. The Commission found that the plaintiff "experienced two separate specific and documented traumatic incidents of pain in her neck, shoulders, and right arm," on 19 June 1996, and 16 September 1996. The Commission found that while working 19 June 1996, plaintiff "suddenly experienced a stiff neck, as well as right arm and shoulder pain;" it also found that on 16 September 1996, plaintiff "experienced a tingling sensation radiating from her right shoulder into the thumb and first finger of her right hand." She immediately reported both of these occurrences.

In 1983, the General Assembly amended N.C.G.S. § 97-2(6), to provide that the term "injury," as applied to back injuries, means an injury resulting from a "specific traumatic incident of the work assigned." For back injuries, this change eliminated the requirement that an injury be the result of an "accident," which has been defined by the Courts over the years to mean an unusual or untoward event, or unexpected occurrence; this requirement still applies to injuries to parts of the body other than the back. *See Richards v. Town of Valdese*, 92 N.C. App. 222, 225, 374 S.E.2d 116, 118-19 (1988) (noting the change in the treatment of back injuries by the law for worker's compensation purposes), *disc. rev. denied*, 324 N.C. 337, 378 S.E.2d 799 (1989); *see also Jordan v. Central Piedmont Community College*, 124 N.C. App. 112, 119, 476 S.E.2d 410, 414 (1996), *disc. rev. denied*, 345 N.C. 753, 485 S.E.2d 53 (1997); *Gabriel v. Newton*, 227

N.C. 314, 316, 42 S.E.2d 96, 97 (1947) (explaining "an unlooked for and untoward event"); *Edwards v. Publishing Co.*, 227 N.C. 184, 186, 41 S.E.2d 592, 593 (1947) (explaining "an unexpected, unusual, or undesigned occurrence"). Defendants acknowledge this change in the law, but ask this Court to require that there be an "inciting event." This Court and the Supreme Court have made it clear in recent years that to prove a "specific traumatic incident," a worker must only show that the injury occurred at a "judicially cognizable" point in time. *See Fish v. Steelcase, Inc.*, 116 N.C. App. 703, 449 S.E.2d 233 (1994), *cert. denied*, 339 N.C. 737, 454 S.E.2d 650 (1995); *Richards*, 92 N.C. App. 222, 374 S.E.2d 116. This Court defined "judicially cognizable" in *Fish*, as follows:

> *Judicially cognizable* does not mean "ascertainable on an exact date." Instead, the term should be read to describe a showing by plaintiff which enables the Industrial Commission to determine when, within a reasonable period, the specific injury occurred. The evidence must show that there was some event that caused the injury, not a gradual deterioration. If the window during which the injury occurred can be narrowed to a judicially cognizable period, then the statute is satisfied.

116 N.C. App. at 709, 449 S.E.2d at 238 (emphasis in original). As properly applied by the Commission here, the relevant inquiry was whether the plaintiff's symptoms of pain began at a "judicially cognizable" period. The Commission found, and the evidence fully supports, that on the two occasions identified, the plaintiff had an onset of specific symptoms on two specific days, 19 June 1996 and 16 September 1996. We hold that the Commission properly applied the law in concluding that these findings support the conclusions that on both days plaintiff sustained compensable injuries, as defined by N.C.G.S. § 97-2(6), and that the defendants' argument on this point fails.

In sum, we hold that the findings of the Commission are supported by competent evidence in the record, that the findings support the conclusions of law, and that the award of benefits for total and permanent disability benefits is appropriate under applicable law. Accordingly, we affirm the Award of the Commission in all respects.

Affirmed.

Chief Judge EAGLES and Judge HUNTER concur.