BILLY MYERS, Employee, Plaintiff v. BBF PRINTING SOLUTIONS (formerly Wesley Business Forms), Employer, Self-Insured, Defendant

No. COA06-1298

(Filed 19 June 2007)

## 1. Workers' Compensation— disability—employer going out of business

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff was permanently and totally disabled where plaintiff injured a thumb and wrist in a printing press, defendant went out of business while plaintiff was working in a limited capacity, and plaintiff was unable to find other employment.

## 2. Workers' Compensation— attorney fees—insurer not perfecting appeal

The Industrial Commission in a workers' compensation case could not award plaintiff attorney fees under N.C.G.S. § 97-98 (which allows the award of attorney fees in proceedings brought by the insurer) because defendant did not perfect or pursue its appeal, and the issues addressed by the Commission were solely the issues plaintiff appealed.

Judge WYNN concurring in part and dissenting in part.

Appeal by defendant from opinion and award entered 13 July 2006 by Commissioner Thomas J. Bolch for the North Carolina Industrial Commission. Heard in the Court of Appeals 22 May 2007.

*Walden & Walden, by Daniel S. Walden, for plaintiff-appellee.*

*Jane C. Jackson and W. Mark Peck, for defendant-appellant.*

TYSON, Judge.

BBF Printing Solutions ("defendant") appeals from the Full Commission of the North Carolina Industrial Commission's ("the Commission") opinion and award entered granting Billy Myers ("plaintiff") permanent total disability benefits. We affirm in part and reverse in part.

MYERS v. BBF PRINTING SOLUTIONS

[184 N.C. App. 192 (2007)]

## I. Background

On 4 June 1979, plaintiff began work for defendant at its plant in Rural Hall, North Carolina. Plaintiff's job duties included setting up and monitoring eleven units on a seventeen-inch printing press.

On 9 August 2001, plaintiff sustained a work-related injury to his non-dominant left hand and arm. Plaintiff was injured while energizing a printing press when a rewind shaft attached to the press rotated in a different direction than he anticipated. The press pulled his left arm toward it and twisted his left thumb and wrist. Plaintiff continued work until his thumb and wrist began to swell. Plaintiff went to a local medical facility, was given a splint, and returned to work the next day.

Plaintiff continued working for defendant in a limited capacity until 15 November 2001, when defendant notified its employees the Rural Hall plant was closing. Defendant laid off most of its employees, including plaintiff. Plaintiff had been employed as a printing press operator with defendant for twenty-two years.

On 4 December 2001, plaintiff filed a claim for workers' compensation benefits. On 20 November 2002, the matter was heard before Deputy Commissioner Nancy W. Gregory. On 15 July 2003, Deputy Commissioner Gregory entered an opinion and award that concluded plaintiff: (1) suffered an injury by accident to his left thumb, wrist, hand, and shoulder; (2) failed to prove he was incapable, because of the injury, to earn the same or greater wages he was receiving at the date of the injury in the same or any other employment; (3) was not entitled to receive temporary total or temporary partial disability; and (4) was entitled to additional medical treatment. Both plaintiff and defendant appealed to the Full Commission. Defendant failed to file a Form 44 Application for Review with the Commission and did not perfect his appeal.

On 20 January 2004, the matter was heard before the Full Commission. On 18 January 2005, plaintiff moved for an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88. On 13 July 2006, the Commission entered an opinion and award that concluded: (1) plaintiff suffered an injury by accident to his left thumb, arm, hand, and shoulder arising out of and in the course of his employment with defendant; (2) plaintiff was entitled to total disability compensation from 15 November 2001 and continuing each week for his lifetime; and (3) defendant shall pay all of plaintiff's medical expenses relating

to the injury "as long as said treatment tends to effect a cure, give relief, or lessen the period of plaintiff's disability." The Commission also awarded plaintiff $2,000.00 in attorney's fees pursuant to N.C. Gen. Stat. § 97-88. Defendant appeals.

## II.  Issues

Defendant argues the Commission erred by: (1) concluding plaintiff is permanently and totally disabled and (2) awarding plaintiff attorney's fees.

## III.  Standard of Review

Defendant set out thirty-six assignments of error in the record on appeal. Defendant assigned error to all but three of the Commission's thirty-four findings of fact. "Assignments of error not set out in the appellant's brief, *or in support of which no reason or argument is stated* or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6) (2007) (emphasis supplied); *see Animal Legal Defense Fund v. Woodley*, 181 N.C. App. 594, 597, 640 S.E.2d 777, 779 (2007) ("[W]e will not review defendants' unargued assignments of error.").

Our Supreme Court has stated:

[W]hen reviewing Industrial Commission decisions, appellate courts must examine "whether any competent evidence supports the Commission's findings of fact and whether [those] findings . . . support the Commission's conclusions of law." The Commission's findings of fact are conclusive on appeal when supported by such competent evidence, "even though there [is] evidence that would support findings to the contrary."

*McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004) (quoting *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000); *Jones v. Myrtle Desk Co.*, 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965)). "The full Commission is the sole judge of the weight and credibility of the evidence[.]" *Deese*, 352 N.C. at 116, 530 S.E.2d at 553.

## IV.  Total Disability

## A.  Matters Preserved for Appellate Review

[1] By defendant's first argument, it argues the Commission erred by concluding plaintiff was permanently and totally disabled because there was no competent evidence that: (1) he was incapable of earning wages in the same employment; (2) he was incapable of earning

the same wages in any other employment; and (3) plaintiff's inability to earn the same wages is due to his work-related injury. Defendant's argument is the Commission's finding of fact number thirty is not supported by competent evidence. The Commission found as fact:

30. Beginning November 15, 2001, and thereafter, plaintiff has been unable to earn the wages he was earning at the time of his injury in the same or any other employment due to his accidental injuries of August 9, 2001.

Within this broad argument, defendant also specifically argues the Commission's findings of fact numbered 9, 28, and 34 are not supported by competent evidence. The Commission found as fact:

9. Plaintiff was unable to perform the required normal work duties of a pressman and a forklift operator for the defendant due to his August 9 injuries during the period August 9, 2001, through November 14, 2001, when he last worked for the defendant, which closed its plant on that date and laid off its employees.

. . . .

28. During the period of December 12, 2001, through May 28, 2003, plaintiff made a diligent but unsuccessful effort to find employment suitable to his limited work capacities, that is, suitable to use of his right hand with limited ability to use his left hand.

. . . .

34. In light of plaintiff's advanced age, his high school education level, his work history primarily as a printing press operator, and his permanent limitation to work activities using his right hand primarily and his left hand as a gross assist, plaintiff is entitled to be paid permanent total disability and medical compensation for his injuries during his lifetime.

Defendant's assignments of error to the Commission's other findings of fact, not argued in its brief, are deemed abandoned. N.C.R. App. P. 28(b)(6) (2007) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."). The Commission's findings of fact that defendant failed to argue in its brief are binding on appeal. *See Willen v. Hewson*, 174 N.C. App. 714, 718, 622 S.E.2d 187, 190 (2005) ("[D]efendant assigned error to numerous findings of fact by the trial court, but has failed to argue

any of these assignments of error in her brief on appeal. Such assignments of error are therefore abandoned, and the trial court's findings are binding on appeal."), *disc. rev. denied*, 360 N.C. 491, 631 S.E.2d 520 (2006).

### B. Finding of Fact Numbered 9

Defendant argues the Commission's finding of fact numbered 9 that "plaintiff was unable to perform the required work duties of a pressman and a forklift operator for the defendant" was not supported by competent evidence. We disagree.

The Commission found as fact:

9. Plaintiff was unable to perform the required *normal* work duties of a pressman and a forklift operator for the defendant due to his August 9 injuries during the period August 9, 2001, through November 14, 2001, when he last worked for the defendant, which closed its plant on that date and laid off its employees.

(Emphasis supplied).

Plaintiff worked as a press operator with defendant for twenty-two years. Plaintiff's normal work duties involved "setting up eleven different units on the printing press." Plaintiff testified he used his hands "all day . . . to perform the duties of a press operator" and that the job required the use of both his left and right hands. Plaintiff also operated a forklift to obtain his own stock. Plaintiff testified he used both his left and right hands to operate the forklift.

After plaintiff's injury, he was restricted to "no repetitive use" of his left hand. John Bacon, defendant's director of manufacturing, testified plaintiff was assigned job duties "within his restrictions." Plaintiff sharpened wheels, operated a forklift to obtain stock for the pressman, and used a push broom with only his right hand to keep his work area clean. Plaintiff testified he could not operate the forklift in his normal manner.

Plaintiff also presented medical evidence he was "unable to perform the required normal work duties of a pressman and a forklift operator" from 9 August 2001 through 14 November 2001. Plaintiff presented to Lelia Gentry ("Gentry"), a physician's assistant at PrimeCare Occupational Medicine on 9 August 2001. Gentry limited plaintiff to no repetitive use of his left hand and placed him in a splint. These restrictions continued until October 2001, when plaintiff was referred to an orthopedist.

On 20 August 2001, Gentry ordered physical therapy for plaintiff. On 6 September 2001, the therapist noted plaintiff's overall condition was "worse" and that plaintiff "used L[eft] hand to pull and had sharp pain in the wrist and now pain up into elbow." On 11 September 2001, the therapist noted: (1) plaintiff's pain had "increased" in his left "thumb & radial side of wrist" and (2) plaintiff "woke this am w/[left shoulder] stiffness, [left] elbow pain & [left] wrist & thumb."

The Commission's finding of fact that "[p]laintiff was unable to perform the required normal work duties of a pressman and a fork-lift operator" from 9 August 2001 through 14 November 2001 is supported by competent evidence. The Commission's findings of fact are "conclusive on appeal" when supported by "any competent evidence." *McRae*, 358 N.C. at 496, 597 S.E.2d at 700. This assignment of error is overruled.

### C. Finding of Fact Numbered 28

Defendant also argues the Commission's finding of fact numbered 28 is not supported by competent evidence. Defendant asserts the Commission's conclusive finding that plaintiff engaged in a diligent job search is not supported by competent evidence. We disagree.

The Commission found:

28. During the period of December 12, 2001, through May 28, 2003, plaintiff made a diligent but unsuccessful effort to find employment suitable to his limited work capacities, that is, suitable to use of his right hand with limited ability to use his left hand.

Plaintiff has not earned any wages since 14 November 2001. Plaintiff testified he: (1) applied for employment with seventy-five different employers; (2) found these potential employers "[i]n classified ads in the paper, yellow pages, on the internet and places (sic) knew about and places a friend had told [him] about;" and (3) applied in person to some of the employers and by mail to others. Plaintiff also admitted into evidence job search logs from 12 December 2001 to 28 August 2002 and 21 November 2002 to 28 May 2003.

The Commission's finding that plaintiff engaged in a diligent job search is supported by competent evidence. The Commission's findings of fact are "conclusive on appeal" when supported by "any competent evidence." *McRae*, 358 N.C. at 496, 597 S.E.2d at 700. This assignment of error is overruled.

## D. Findings of Fact Numbered 30 and 34

Defendant also argues the Commission erred by concluding plaintiff is permanently and totally disabled. Defendant asserts the Commission's findings of fact numbered 30 and 34 are not supported by competent evidence and the Commission erred in awarding plaintiff permanent total disability because he failed to carry his burden to prove disability set out by our Supreme Court in *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982). We disagree.

### 1. Applicable Law

Under North Carolina's Workers' Compensation Act, "The term 'disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury *in the same or any other employment.*" N.C. Gen. Stat. § 97-2(9) (2005) (emphasis supplied). "In order to obtain compensation under the Workers' Compensation Act, the claimant has the burden of proving the existence of his disability and its extent." *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 185, 345 S.E.2d 374, 378 (1986).

Our Supreme Court has stated:

> [I]n order to support a conclusion of disability, *the Commission must find*: (1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury *in the same employment*, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury *in any other employment*, and (3) that *this individual's incapacity to earn was caused by plaintiff's injury.*

*Hilliard*, 305 N.C. at 595, 290 S.E.2d at 683 (emphasis supplied) (internal citation omitted).

Here, the Commission made the required finding under *Hilliard*:

> 30. Beginning November 15, 2001, and thereafter, plaintiff has been unable to earn the wages he was earning at the time of his injury in the same or any other employment due to his accidental injuries of August 9, 2001.

The question is whether the plaintiff met his burden to prove all three of these *Hilliard* factors. *See Coppley v. PPG Indus., Inc.*, 133 N.C. App. 631, 635, 516 S.E.2d 184, 187 (1999) ("[T]he Commission's findings must sufficiently reflect that [the] plaintiff produced evidence to prove all three *Hilliard* factors.").

2. Analysis

Defendant argues the Commission erred in finding as fact the first and second *Hilliard* elements. *Hilliard*, 305 N.C. at 595, 290 S.E.2d at 683. We disagree.

In *Russell v. Lowes Product Distribution*, this Court set out four separate and distinct ways a plaintiff could meet his burden to prove the first two *Hilliard* factors:

> The burden is on the employee to show that he is unable to earn the same wages he had earned before the injury, *either in the same employment or in other employment*. The *employee may meet this burden in one of four ways*: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; *or* (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (emphasis supplied) (internal citations omitted).

This Court has also stated:

> [T]his Court has clearly outlined different methods that a plaintiff may employ to prove total loss of wage-earning capacity, and thus, entitlement to total disability benefits under N.C. Gen. Stat. § 97-29 (1999). *See Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 425 S.E.2d 454 (1993). One such method is by "the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment." *Id.* at 765, 425 S.E.2d at 457.

*Zimmerman v. Eagle Elec. Mfg. Co.*, 147 N.C. App. 748, 752-53, 556 S.E.2d 678, 680-81 (2001) (Plaintiff met her burden of proving total and permanent disability through medical testimony "regarding the extent of her physical limitations" and evidence plaintiff unsuccessfully sought numerous jobs.).

Here, the Commission under the second *Russell* factor found:

28. During the period of December 12, 2001, through May 28, 2003, plaintiff made a diligent but unsuccessful effort to find employment suitable to his limited work capacities, that is, suitable to use of his right hand with limited ability to use his left hand.

Here, plaintiff, like the plaintiff in *Zimmerman*, satisfied his burden to prove the first two *Hilliard* factors through medical testimony "regarding the extent of [his] physical limitations" and evidence plaintiff unsuccessfully sought numerous jobs. *Id.* The Commission found in uncontested findings of fact the extent of plaintiff's physical limitations:

12. On April 15, 2002, physical therapist Lois Maple with Dr. Taft's office, and at Dr. Taft's request, evaluated plaintiff's ability to use his left hand to perform work duties. This evaluation revealed that plaintiff was limited to using his left hand as a gross assist to his dominant right hand, due to pain and weakness in his left hand and arm.

. . . .

17. On November 13, 2002, Dr. Taft saw plaintiff again at defendant's request and reviewed Dr. Poehling's evaluation notes and the bone scan. At that time, Dr. Taft wrote that in his opinion plaintiff had reached maximum medical improvement with a 25 percent permanent impairment to his left thumb.

. . . .

20. Plaintiff suffers from the following symptoms due to his injuries of August 9, 2001: (a) moderate to severe left hand or wrist pain made worse with use; (b) nocturnal awakenings due to left hand and arm pain; (c) left hand and left thumb weakness; (d) difficulty using his left hand to handle small objects; (e) moderate difficulty with activities of daily living due to left hand pain and weakness; (f) left shoulder and arm pain made worse with use.

21. On April 13, 2004, Dr. Poehling operated on plaintiff's left thumb, a carpometacarpal fusion using Acutak screw procedure. The surgery provided significant pain relief at plaintiff's CMC joint. By July 22, 2004, plaintiff reached maximum medical improvement concerning his left thumb and hand injuries of August 9, 2001. Plaintiff's left hand grip strength is diminished by

about 60% due to his inability to squeeze with his left thumb. Plaintiff has significant loss of sensation in his left thumb. Plaintiff has suffered a 40% permanent partial loss to his left hand as a result of his August 9, 2001, injury by accident.

. . . .

25. Plaintiff's pain complaints concerning his left hand, left arm, and left shoulder are genuine. The pain is moderate to severe in intensity and made worse with any activity.

26. Plaintiff retains a 7% permanent loss to his left arm as a result of his August 9, 2001, injury by accident.

Competent evidence also shows plaintiff unsuccessfully sought numerous jobs. As stated above, the Commission's finding of fact twenty-eight is supported by competent evidence and is "conclusive on appeal." *McRae*, 358 N.C. at 496, 597 S.E.2d at 700.

Plaintiff met his burden of proving total and permanent disability through medical testimony "regarding the extent of [his] physical limitations" and evidence plaintiff unsuccessfully sought numerous jobs. *Zimmerman*, 147 N.C. App. at 752-53, 556 S.E.2d at 680-81. The Commission properly found in finding of fact number thirty that plaintiff proved the first and second *Hilliard* elements. *Hilliard*, 305 N.C. at 595, 290 S.E.2d at 683. Defendant's assignment of error is overruled.

Defendant asserts the Commission erred in finding the second *Hilliard* factor that plaintiff is incapable of earning the same wages in any other employment because the Commission's finding of fact number thirty-four is not supported by competent evidence. *Id.* Defendant contends no physician has testified plaintiff is not physically capable of performing work using his left hand. We disagree.

Like in *Zimmerman*, defendant is arguing the Commission erred in finding plaintiff totally and permanently disabled "based on the assertion that no doctor testified unequivocally that plaintiff is capable of no work whatsoever." 147 N.C. App. at 753, 556 S.E.2d at 681. "Defendant[] appear[s] to be assuming that the only way to prove total disability is by medical evidence." *Id.* at 752, 556 S.E.2d at 681. As stated above, plaintiff met his burden of proving total and permanent disability through medical testimony "regarding the extent of [his] physical limitations" and evidence plaintiff unsuccessfully

sought numerous jobs. *Id.* at 752-53, 556 S.E.2d at 680-81. Defendant's assignment of error is overruled.

Defendant also argues the Commission erred in finding as fact the third *Hilliard* element that plaintiff's "incapacity to earn was caused by plaintiff's injury." 305 N.C. at 595, 290 S.E.2d at 683. Defendant asserts "plaintiff's failure to obtain a new printing job is due to the dearth of jobs available in the printing industry." We disagree.

In part of finding of fact thirty-two, the Commission found as fact:

32. . . . Plaintiff has been very diligent in his job search activities and in his efforts to overcome defendant's resistance to providing him with the medical care he needs. The Full Commission finds as contrary to fact defendant's position that plaintiff's inability to obtain employment is the same as it is for any of the other press operator[s] laid off by [defendant] in November 2001—the general economic downturn which struck [defendant] and the printing industry in general.

The Commission's uncontested finding of fact is supported by competent evidence and is "conclusive on appeal." *McRae,* 358 N.C. at 496, 597 S.E.2d at 700. Defendant's assignment of error is overruled.

Plaintiff met his burden to prove all three of these *Hilliard* factors. *Coppley,* 133 N.C. App. at 635, 516 S.E.2d at 187; *Hilliard,* 305 N.C. at 595, 290 S.E.2d at 683. The Commission's findings are supported by competent evidence and the findings support the conclusion of law plaintiff is entitled to total disability compensation benefits.

## V. Attorney's Fees

[2] Defendant also properly assigned error to and argues the Commission's award of plaintiff's attorney fees pursuant to N.C. Gen. Stat. § 97-88 (2005). Defendant asserts the Commission could not award plaintiff his attorney fees pursuant to N.C. Gen. Stat. § 97-88 because it never pefected its appeal to the Commission and the issues on appeal before the Commission were brought exclusively by plaintiff. We agree.

The Commission stated in its award to plaintiff:

5. The costs shall include a $2,000.00 reasonable attorney's fee to be paid to plaintiff's counsel by defendant pursuant to N.C. Gen. Stat. § 97-88. Defendant appealed and the Full Com-

mission by this Opinion and Award orders compensation to be paid to plaintiff.

N.C. Gen. Stat. § 97-88 states:

> If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that *such hearing or proceedings were brought by the insurer* and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

(Emphasis supplied). Our Supreme Court has stated, "It is clear that this section of the statute is applicable only *when such hearings or proceedings are brought by the insurer* and the court orders the insurer to make or to continue payments of compensation to the injured employee." *Bowman v. Chair Co.*, 271 N.C. 702, 705, 157 S.E.2d 378, 380 (1967) (emphasis supplied).

Here, plaintiff initially noticed appeal of Deputy Gregory's opinion and award to the Commission, by giving notice of his request for review by the Commission in a letter dated 15 July 2003. Defendant filed its notice of appeal to the Commission on 29 July 2003. Defendant did not file a Form 44 Application for Review with the Commission and never perfected nor pursued its appeal. All issues before and addressed by the Commission "at a hearing on review" were solely the issues plaintiff appealed. N.C. Gen. Stat. § 97-88.

The Commission in its opinion and award stated, "Defendant abandoned its appeal by failing to state with particularity the specific grounds of its appeal[.]" All "hearings or proceedings" before the Commission "at a hearing on review" were brought solely by plaintiff, not defendant. *Bowman*, 271 N.C. at 705, 157 S.E.2d at 380; N.C. Gen. Stat. § 97-88. The Commission erred by awarding attorney fees to "be paid by the insurer" pursuant to N.C. Gen. Stat. § 97-88. The Commission's award of attorney's fees is erroneous and is reversed.

The dissenting opinion asserts plaintiff is entitled to attorney's fees before the Commission and cites cases where this Court has ordered attorney's fees to be paid and remanded the Commission for

a determination of the appropriate amount of fees. None of those cases cited therein apply to the issue before us. On 14 February 2007, plaintiff moved this Court for costs and an award of attorney's fees pursuant to N.C.R. App. P. 34(a) and N.C. Gen. Stat. § 97-88. By order entered 22 May 2007, this panel of judges unanimously denied plaintiff's motion.

## VI.  Conclusion

Plaintiff met his burden to prove all three *Hilliard* factors. *Coppley*, 133 N.C. App. at 635, 516 S.E.2d at 187; *Hilliard*, 305 N.C. at 595, 290 S.E.2d at 683. The Commission's findings are supported by competent evidence and the findings support the conclusion of law plaintiff is entitled to total disability compensation benefits.

The "hearings or proceedings" before the Commission were brought by plaintiff, not defendant. *Bowman*, 271 N.C. at 705, 157 S.E.2d at 380. The Commission erred by awarding attorney's fees pursuant to N.C. Gen. Stat. § 97-88. The Commission's award of attorney's fees is reversed.

Affirmed in Part and Reversed in Part.

Judge CALABRIA concurs.

Judge WYNN concurs in part and dissents in part by separate opinion.

WYNN, Judge, concurring in part and dissenting in part.

I concur with the majority in affirming the Full Commission's award of total disability benefits to Mr. Myers. However, because I conclude that BBF Printing Solutions's abandonment of its appeal does not altogether negate its existence, I would affirm the Commission's award of attorney's fees to Mr. Myers. From that portion of the majority's opinion, I therefore respectfully dissent.

North Carolina General Statute § 97-88 refers to the Industrial Commission's "find[ing] that such hearing or proceedings were brought by the insurer" as a necessary step to ordering the insurer to pay attorney's fees in an appeal from an award by the Commission. N.C. Gen. Stat. § 97-88 (2005). This Court has clarified that attorney's fees could be awarded under Section 97-88 "if (1) the insurer *has*

*appealed* a decision to the Full Commission or to any court, and (2) on appeal, the Commission or court has ordered the insurer to make, or continue making, payments of benefits to the employee." *Estes v. N.C. State Univ.*, 117 N.C. App. 126, 128, 449 S.E.2d 762, 764 (1994) (emphasis added). Moreover, we have also concluded that Section 97-88 "permits the Full Commission or an appellate court to award fees and costs based on an insurer's *unsuccessful* appeal." *Rackley v. Coastal Painting*, 153 N.C. App. 469, 475, 570 S.E.2d 121, 125 (2002) (emphasis added).

Additionally, we have previously held that the statutory requirements of N.C. Gen. Stat. § 97-88 are met when the defendant appeals the Full Commission's award of benefits to this Court, and this Court affirms the award. *Brown v. Public Works Comm'n*, 122 N.C. App. 473, 477, 470 S.E.2d 352, 354 (1996). In our own discretion, we have ordered attorney's fees to be paid in a number of such cases, generally remanding to the Full Commission for a determination of the appropriate amount of fees. *See, e.g., Brooks v. Capstar Corp.*, 168 N.C. App. 23, 30-31, 606 S.E.2d 696, 701, *appeal dismissed*, 360 N.C. 60, 621 S.E.2d 170 (2005); *Cox v. City of Winston-Salem*, 157 N.C. App. 228, 238, 578 S.E.2d 669, 677 (2003); *Brown*, 122 N.C. App. at 477, 470 S.E.2d at 354; *Estes*, 117 N.C. App. at 129, 449 S.E.2d at 765 (1994); *Poplin v. PPG Indus.*, 108 N.C. App. 55, 57-58, 422 S.E.2d 353, 355 (1992).

Here, BBF Printing Solutions did, in fact, appeal Deputy Commissioner Gregory's award of medical compensation to Mr. Myers; however, their failure to "state with particularity the specific grounds" of the appeal then led to its being dismissed as abandoned. Moreover, the Full Commission noted that, even though BBF Printing Solutions had abandoned their appeal, the company also "continued to delay medical treatment." In its final Opinion and Award, the Full Commission again ordered BBF Printing Solutions to pay the expenses related to the medical treatment of Mr. Myers's compensable injury.

Thus, under the plain language of previous precedents of this Court, BBF Printing Solutions "has appealed" to the Full Commission, and the Commission, in turn, "ordered the insurer to make, or continue making, payments of benefits to the employee." *Estes*, 117 N.C. App. at 128, 449 S.E.2d at 764. Our decision here, affirming the Full Commission, likewise orders BBF Printing Solutions to "make, or continue making, payments of benefits" to Mr. Myers. The appeal by BBF Printing Solutions to the Full Commission was abandoned, not

withdrawn, and their appeal to this Court failed; both were there
fore "unsuccessful appeal[s]." *See Rackley,* 153 N.C. App. at 475, 570
S.E.2d at 125. Accordingly, Mr. Myers should be entitled to attorney's
fees if so ordered by the Full Commission.[1] I would therefore affirm
the Full Commission's award.

————————————————————————

1. I note, too, that we review an award of attorney's fees by the Full Commission
for an abuse of discretion. *See Taylor v. J.P. Stevens Co.,* 307 N.C. 392, 394, 298 S.E.2d
681, 683 (1983) ("In the absence of an abuse of discretion the Commission's denial of
attorneys' fees will not be disturbed."). Given the Commission's conclusion that BBF
Printing Solutions abandoned its appeal yet "continued to delay medical treatment"
for Mr. Myers, I see no abuse of discretion in their decision to award attorney's fees
to Mr. Myers.