PATTY T. COPPLEY, Employee, Plaintiff v. PPG INDUSTRIES, INC., Self-Insured, Employer, Defendant

No. COA98-1166

(Filed 15 June 1999)

**Workers' Compensation— disability benefits—burden of proof—Hilliard factors**

The Industrial Commission in a workers' compensation case involving disability benefits erroneously placed the initial burden on defendant to prove the absence of the second Hilliard factor (incapacity to earn pre-injury wages in any other employment) before plaintiff had met her initial burden. In workers' compensation cases, the initial burden has always been on the plaintiff to produce competent evidence of all three of the factors in *Hilliard v. Apex Cabinent Co.*, 305 N.C. 593, before the burden shifts to defendant to rebut plaintiff's evidence.

Appeal by defendant from opinion and award entered by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 May 1999.

This case arises from an award of worker's compensation benefits by the Industrial Commission after a hearing before deputy commissioner George T. Glenn, Jr. and a review by the Full Commission. On 9 March 1995, plaintiff filed a worker's compensation claim, alleging that on 6 January 1995 she sustained a hip injury while transporting a package from a conveyor belt to a handtruck at defendant's plant. A hearing was held on 26 February 1996 and deputy commissioner Glenn awarded temporary total disability benefits to plaintiff on 23 July 1997. On 16 July 1998, the Full Commission affirmed with one member dissenting. The Commission made the following findings:

COPPLEY v. PPG INDUS., INC.

[133 N.C. App. 631 (1999)]

## FINDINGS OF FACT

1. Plaintiff was fifty-two years old at the time of this hearing with her date of birth being 2 September 1943. She had completed high school.

2. Plaintiff began working for defendant-employer on 6 September 1994, and on 6 January 1995, she worked as a relief conveyor tuber. Her job as a tuber was to take tubes off the conveyor belt and place them onto a handtruck. The handtruck had posts onto which the tubes were placed, and the post[s] ranged in height from 1.5 feet off the floor to over shoulder height.

3. On 6 January 1995, plaintiff had taken a 25-pound fiberglass tube off the conveyor belt and was placing it onto the handtruck. Plaintiff was placing the tube onto a post that was approximately 1.5 feet off the floor. She had to bend down and as she began placing the tube onto the post the handtruck moved. She was holding the tube in her left hand and she grabbed the handtruck with her right hand to stop it and as she did she felt a pull in her goin [sic] and hip.

4. Shortly after this incident plaintiff went on break, when she returned from break she did not lift any heavy object and this meant that she did not remove all of the tubes from the belt.

5. Plaintiff returned to work the next day and when she attempted to do her job she was in pain and she informed her supervisor that she had injured herself the day before. Plaintiff did not report the incident on 6 January 1995, because she thought that she had just pulled a muscle and that it would be alright.

6. Plaintiff's supervisor placed her on light duty until she was able to see the plant nurse. When she saw the plant nurse she was continued on light duty until such time as she was able to see Dr. Hunter G. Strader.

7. Plaintiff was seen by Dr. Strader on 10 January 1995. Dr. Strader thought that plaintiff was suffering from a pulled goin [sic] muscle but when she did not respond to his course of treatment he referred [her] to Dr. Riggan who then referred plaintiff to Johnson Neurological Clinic.

8. Plaintiff was seen by Dr. Gregory Dean Mieden at the Johnson Neurological Clinic. Dr. Mieden diagnosed plaintiff's condition as

a left hand side bulging disc at L5-S1. Dr. Mieden felt that this diagnosis fit with the complaints plaintiff had described to him and that her injury was the result of the incident plaintiff described happening on 6 January 1995, while she was in the course and scope of her employment with defendant-employer. Dr. Mieden did not feel that plaintiff's condition was one which warranted surgery. He treated her condition with medication and physical therapy.

9. Plaintiff was released on 20 August 1995, to return to work with the restrictions as set out in her Functional Capacity Evaluation.

10. Defendant did not have a position that was within the restrictions that had been placed upon her by Dr. Mieden.

11. Plaintiff is still under the treatment of her family doctor and psychiatrist.

12. Defendant has not shown that plaintiff is now presently capable of performing any job and if she is that there is a position in her community that she could obtain given her age, education and physical limitation caused by her injury.

13. Plaintiff has not reached maximum medical improvement and she may need vocational rehabilitation to assist her in obtaining other employment.

Based on the findings of fact, the Commission made the following conclusions of law:

1. Plaintiff sustained an injury by accident or specific traumatic incident on 6 January 1995, while in the course and scope of her employment with defendant and said accidental injury either caused a new injury or aggravated her pre-existing condition.

2. As a result of the injury by accident plaintiff was temporarily totally disabled from 31 January 1995 through the date of this hearing and continuing until such time as she has returned to work in a position earning the same or greater wages than she was earning at the time of this accident.

2. [Sic] Plaintiff's average weekly wages at the time of the accident were $396.14, yielding a compensation rate of $264.09.

3. Defendants are obligated to pay all medical expenses incurred or which will be incurred as a result of plaintiff's com-

pensable injury that may cure or give relief or tend to lessen plaintiff's disability.

Based on the findings of fact and conclusions of law, the Commission awarded to plaintiff temporary total disability benefits at the rate of $264.09 per week for the period from 31 January 1995 "through the date of this hearing and continuing until such time as plaintiff has returned to work earning the same or greater wages than she was earning at the time of her injury or further orders of the Industrial Commission." Defendant appeals.

*O'Briant, Bunch, Robins & Stubblefield, by Julie H. Stubblefield, for plaintiff-appellee.*

*Brinkley Walser, PLLC, by G. Thompson Miller, for defendant-appellant.*

EAGLES, Chief Judge.

Here we consider whether the Commission misapplied the law by erroneously placing the initial burden on defendant to prove that plaintiff was capable of earning pre-injury wages in other employment without first requiring plaintiff to meet her initial burden of proving all three *Hilliard* "disability" factors. In worker's compensation cases, plaintiff has the initial burden of proving that he suffers from a disability as a result of a work-related injury. *Harrington v. Adams-Robinson Enterprises*, 128 N.C. App. 496, 498, 495 S.E.2d 377, 379, *rev'd on other grounds*, 349 N.C. 218, 504 S.E.2d 786 (1998). "Disability" is a technical term, meaning that because of a workplace injury the employee suffers from an "incapacity . . . to earn the wages which the employee was receiving at the time of the injury in the same or any other employment." G.S. 97-2(9). To support a conclusion of disability, the Commission must find facts indicating that plaintiff has met her initial burden of proving that: (1) she was incapable of earning pre-injury wages in the same employment, (2) she was incapable of earning pre-injury wages in any other employment, *and* (3) the incapacity to earn pre-injury wages in either the same or other employment was caused by plaintiff's injury. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). To prove disability, the employee need not prove she unsuccessfully sought employment if the employee proves that, because of her age, work experience, training, education, or any other factor, seeking employment at pre-injury wages would be futile. *Grantham v. R. G. Barry Corp.*, 115 N.C. App. 293, 300, 444 S.E.2d 659, 663 (1994). Once the

COPPLEY v. PPG INDUS., INC.

[133 N.C. App. 631 (1999)]

employee has met her initial burden of proving "disability," the burden then shifts to the employer to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a job at pre-injury wages. *Burwell v. Winn-Dixie Raleigh, Inc.*, 114 N.C. App. 69, 73, 441 S.E.2d 145, 149 (1994). However, in worker's compensation cases the *initial* burden has always been on the plaintiff to produce competent evidence of all three *Hilliard* factors before the burden shifts to defendant to rebut plaintiff's evidence. Were this not so, worker's compensation cases would commence with a presumption of disability, which is clearly not the law in North Carolina. Furthermore, to ensure effective appellate review, the Commission's findings must sufficiently reflect that plaintiff produced evidence to prove all three *Hilliard* factors.

> The Industrial Commission must make specific findings of fact as to each material fact upon which the rights of the parties in a case involving a claim for compensation depend. If the findings of fact of the Commission are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the cause must be remanded to the Commission for proper findings of fact.

*Hansel v. Sherman Textiles*, 304 N.C. 44, 59, 283 S.E.2d 101, 109-10 (1981) (citations omitted).

Here, the Commission stated in finding of fact #12 that defendant failed to produce evidence that plaintiff was capable of earning pre-injury wages in any other employment. In other words, the Commission found that defendant failed to prove the *absence* of the second *Hilliard* factor. However, the opinion and award contains no findings indicating whether plaintiff first met her initial burden of proving the *existence* of the second *Hilliard* factor—that she was incapable of earning pre-injury wages in any other employment. The findings do not indicate whether plaintiff offered any evidence that she either unsuccessfully sought other employment offering pre-injury wages or that, given her age, experience, training, education, and any other factors, seeking employment at pre-injury wages would have been futile. Although the Commission did make findings regarding plaintiff's age and work experience, the findings do not indicate whether the Commission considered to what extent, if any, those factors affected plaintiff's ability to earn wages after her injury. *Heffner v. Cone Mills Corp.*, 83 N.C. App. 84, 89, 349 S.E.2d 70, 75 (1986). We conclude that the Commission did not make findings sufficient to

WEBB v. NASH HOSP., INC.

[133 N.C. App. 636 (1999)]

show whether plaintiff produced evidence of all three *Hilliard* factors before shifting the burden to defendant to rebut plaintiff's evidence. Accordingly, we conclude that the Commission erroneously placed the initial burden on defendant to prove the *absence* of the second *Hilliard* factor before plaintiff had met her initial burden. We therefore reverse and remand to the Commission for further proceedings consistent with this opinion.

Reversed and remanded.

Judges LEWIS and HORTON concur.