PATTY T. COPPLEY, Employee, Plaintiff v. PPG INDUSTRIES, INC., Self Insured, Employer, Defendant

No. COA00-11

(Filed 6 February 2001)

**Workers' Compensation— opinion—two-to-one vote—filed after retirement of concurring Commission member— invalid**

An Industrial Commission workers' compensation award was remanded where the vote was two-to-one, one of the majority members signed the opinion on 22 June and left the Commission on 21 September, and the opinion was not filed until 19 October. The Commission acts by a majority of the votes of its qualified members at the time a decision is made, with two members constituting a majority, and no majority existed here at the time of the filing. By analogy, Rule 58 of the Rules of Civil Procedure provides that a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court.

Judge GREENE dissenting.

Appeal by defendant from opinion and award entered 19 October 1999 by the North Carolina Industrial Commission. Heard in the Court of Appeals 9 January 2001.

*O'Briant, Bunch & Robins, by Julie H. Stubblefield, for plaintiff-appellee.*

*Womble, Carlyle, Sandridge & Rice, PLLC, by Clayton M. Custer and Philip J. Mohr, for defendant-appellant.*

TYSON, Judge.

Plaintiff filed worker's compensation claims on 24 February 1995 and 9 March 1995, alleging that on 6 January 1995 she sustained a hip injury while moving an object from a conveyor belt to a hand truck at defendant's plant.

**COPPLEY v. PPG INDUS., INC.**

[142 N.C. App. 196 (2001)]

A hearing was held on 26 February 1996. Deputy Commissioner George T. Glenn, Jr. awarded temporary total disability benefits to plaintiff on 23 July 1997. On 16 July 1998, the Full Commission affirmed by a vote of two-to-one, with Commissioner Renee C. Riggsbee dissenting. On 15 July 1999, this Court reversed the decision of the Full Commission and remanded the case for further proceedings. On 19 October 1999, the Full Commission made additional findings and voted two-to-one to affirm its award of worker's compensation benefits to plaintiff. Commissioner Thomas J. Bolch authored the opinion, with Chairman J. Howard Bunn concurring. Commissioner Riggsbee again dissented.

Chairman Bunn signed the opinion and award on 22 June 1999. Chairman Bunn left the Commission on 21 September 1999. The opinion was filed on 19 October 1999.

The Commission awarded plaintiff temporary total disability benefits at the rate of $264.09 per week for the period of 31 January 1995 "through the date of this Opinion and Award and continuing until such time as plaintiff has returned to work earning the same or greater wages than she was earning at the time of her injury or further orders of the Industrial Commission." Defendant appeals. We vacate the order and again remand to the Commission.

The issue presented by this appeal is whether the Commission's decision should be vacated because it was filed after the retirement of one of the commissioners, resulting in less than a majority of the Commission concurring in the opinion.

Defendant argues that the 19 October 1999 opinion and award is void because it was filed after Chairman J. Howard Bunn, Jr. left the Commission. The Commission's vote was two-to-one, with Chairman Bunn in the majority. Defendant contends the opinion and award is void because no majority opinion existed when it was filed. We agree.

Chairman Bunn signed the opinion and award on 22 June 1999. Chairman Bunn left the Commission on 21 September 1999. The opinion was not filed until 19 October 1999.

"The Commission acts by a majority of the votes of its qualified members at the time a decision is made . . . a vote of two members constitutes a majority." *Estes v. N.C. State University*, 117 N.C. App. 126, 128, 449 S.E.2d 762, 764 (1994) (citing *Gant v. Crouch*, 243 N.C. 604, 607, 91 S.E.2d 705, 707 (1956)).

In *Estes*, the Commission panel consisted of three commissioners at the time of the original hearing. *Estes*, supra. Chairman Booker authored the opinion and Commissioner Davis concurred. Commissioner Ward dissented. *Id.* However, when the opinion and award was signed and filed, Commissioner Davis was no longer a qualified commissioner because his term had expired. *Poe v. Raleigh/Durham Airport Authority*, 121 N.C. App. 117, 126, 464 S.E.2d 689, 694 (1995) (citing *Estes*, supra). The decision was held to be void as a mater of law. *Id.* "Where a commissioner's vote was taken before the expiration of his term of office, but the decision was not issued until after the term expired, the decision of the Commission is void as a matter of law." Leonard T. Jernigan, Jr., *North Carolina Workers' Compensation Law and Practice* § 25-9 (3d ed. 1999).

Plaintiff contends that this case differs from *Estes* because Chairman Bunn, unlike Commissioner Davis, reviewed and signed the opinion and award before his retirement. This argument ignores the fact that Commissioner Davis attached an affidavit to the opinion and award stating he participated in the review of the case and that his decision had been made prior to the expiration of his term. *Estes* at 128, 449 S.E.2d at 764. This Court held that to give binding effect to Commissioner Davis' vote "would be to render meaningless the opinion and award signed and filed by the commissioners." *Id.* "Because the vote was two-to-one, and Davis was in the majority . . . the opinion and award was not rendered by a majority of the commission" and thus void as a matter of law. *Id.* at 127-28, 449 S.E.2d at 764.

In *Pearson v. C.P. Buckner Steel Erection*, 139 N.C. App. 394, 533 S.E.2d 532 (2000), only two commissioners signed the opinion and award. It was noted that the third commissioner had participated in the review of the case, but was unavailable at the time of filing because of illness. *Id.* Appellant in *Pearson* argued that the commission lacked jurisdiction because "two commissioners cannot constitute a panel." *Id.* This Court upheld the opinion and award because the case had been reviewed by three commissioners and rendered by a majority of the members of that panel. *Id.* The opinion and award was rendered and filed by a majority of the commission regardless of the decision of the third commissioner. In contrast, Chairman Bunn and Commissioner Davis were part of two-to-one majorities. Without their respective concurrences, the vote is one-to-one, short of the required majority.

Because Chairman Bunn left office prior to the opinion being filed, no majority existed at the time of filing. Therefore, in accord-

ance with our holding in *Estes*, the 19 October 1999 opinion and award is void as a matter of law. (By analogy, Rule 58 of the North Carolina Rules of Civil Procedure provides that "a judgment is entered when it is reduced to writing, signed by the judge, and *filed* with the clerk of court." N.C.G.S. § 1A-1, Rule 58, (1999) (emphasis added)).

For the reasons stated, the 19 October 1999 opinion and award is vacated. The case is remanded to the Commission. Upon remand the Commission shall make specific findings based on the evidence in the record, proper conclusions therefrom and enter an appropriate order in accordance with this Court's prior holding in *Coppley v. PPG Industries, Inc.*, 133 N.C. App. 631, 516 S.E.2d 184 (1999). In *Coppley I*, Chief Judge Eagles wrote, "to ensure effective appellate review, the Commission's findings must sufficiently reflect that plaintiff produced specific evidence to prove all three *Hilliard* factors." *Id.* at 635, 516 S.E.2d at 187. Findings not supported by competent evidence in the record are insufficient to support an award for benefits. *Id.* On remand the "Commission must make specific findings of fact as to each material fact upon which the rights of the parties . . . depend." *Id.*

Vacated and Remanded.

Judge HORTON concurs.

Judge GREENE dissents.

GREENE, Judge, dissenting.

I read the majority as holding that an opinion and award (opinion) of the full Commission is valid if two of the commissioners, who are authorized to act (i.e. have not retired), indicate their written concurrence to the opinion at the time of its filing. This is so, according to my reading of the majority's opinion, even if the third commissioner is no longer authorized to act as a commissioner at the time of the filing. I disagree with this holding and I, therefore, dissent.

In my opinion, there must be three commissioners authorized to act at the time the opinion is signed <u>and</u> at the time the opinion

COPPLEY v. PPG INDUS., INC.

[142 N.C. App. 196 (2001)]

is filed.[1] This is so because the opinion is merely tentative until it is signed <u>and</u> filed and, in order for the opinion to reflect the *final* judgment of the full Commission, all three commissioners must be authorized to act not only at the time of its signing but also at the time of its filing. In other words, the opinion is not finalized until it is *entered* and it is not entered until it is in writing, signed by the three commissioners, and filed with the Industrial Commission.[2]

In this case, although all three commissioners signed the opinion and did so at a time when they were all authorized to act, one of the commissioners was not authorized to act when the opinion was filed, as he had retired. Thus, the opinion is void and I would remand the matter to the Commission for rehearing before a duly constituted Commission.[3]

I do not believe *Estes* or *Pearson v. C.P. Buckner Steel Erection*, 139 N.C. App. 394, 533 S.E.2d 532 (2000), requires a different result, as neither of these cases squarely address the issue presented in the case *sub judice*. In *Estes*, the opinion of the full Commission was vacated on the ground the term of one of the three commissioners had expired at the time he *signed* the opinion. *Estes*, 117 N.C. App. at 128, 449 S.E.2d at 764. Thus, this Court did not address in *Estes* the

---

1. An opinion of the Commission is valid if concurred in by two of the three commissioners. *Estes v. N.C. State University*, 117 N.C. App. 126, 128, 449 S.E.2d 762, 764 (1994).

2. Although the Rules of Civil Procedure "are not strictly applicable to proceedings under the Worker's Compensation Act," *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 137, 337 S.E.2d 477, 483 (1985), a Rule of Civil Procedure may be applied when there is no counterpart to that Rule under the Rules of the Industrial Commission, *see* N.C.G.S. § 1A-1, Rule 1 (1999). In my opinion, it is appropriate to apply Rule 58 of the North Carolina Rules of Civil Procedure in this context. Pursuant to Rule 58, a judgment or order is not enforceable, or final, until it is entered. *See West v. Marko*, 130 N.C. App. 751, 755, 504 S.E.2d 571, 573 (1998). Rule 58 provides that "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C.G.S. § 1A-1, Rule 58 (1999).

Additionally, I acknowledge this Court often files opinions indicating a concurrence by a judge who was no longer serving on this Court at the time the opinion was filed. Such opinions indicate the judge concurred in the opinion while he or she was still serving on this Court. As this Court is not bound by the Rules of Civil Procedure, my holding in the case *sub judice* would not affect this Court's filing of opinions in the manner described above.

3. The problem created by the retirement of a commissioner can easily be resolved by the Industrial Commission. In the event a commissioner is, for any reason, unable to participate in the review of the award, section 97-85 gives authority to the chairman of the Industrial Commission to "designate a deputy commissioner to take the place of a commissioner on the review of any case." N.C.G.S. § 97-85 (1999).

issue of whether an opinion of the full Commission must be vacated when the opinion is properly *signed* by all three commissioners but is not *filed* until after one of the signing commissioners is no longer serving as a commissioner. Likewise, in *Pearson,* the intervenor argued the opinion of the full Commission was invalid because the panel of commissioners who reviewed the case consisted of only two commissioners. *Pearson,* 139 N.C. App. at 400, 533 S.E.2d at 535. Because "the opinion clearly state[d] that there was a third Commissioner on the panel," the *Pearson* court rejected the intervenor's argument. The intervenor did not argue the opinion was invalid because it was signed by only two commissioners at the time it was filed; thus, the issue in the case *sub judice* was not addressed in *Pearson.*