***********
This matter has been appealed twice by defendant to the Court of Appeals from the Full Commission's prior Opinions and Awards affirming the prior decision of Deputy Commissioner George Glenn, II, which awarded continuing temporary total disability benefits to plaintiff. The primary issue in this case, as identified by the first Court of Appeals' decision, is whether plaintiff met her initial burden of proving the three Hilliard factors, including in particular the second Hilliard
factor: whether plaintiff is incapable of earning pre-injury wages in any other employment.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the deputy commissioner hearing as:
 STIPULATIONS
The parties submitted a Pre-Trial Agreement at the deputy commissioner hearing. The same along with its attachments is incorporated herein by reference. The following parts of the said agreement is set out as follows:
1. The parties are subject to and bound by the provision of the North Carolina Workers' Compensation Act.
2. That at all relevant times herein there existed between the plaintiff and defendant-employer the relationship of employer-employee.
3. The defendant-employer is an approved self-insured.
4. That plaintiff's average weekly wage at the time the alleged incident was $396.14 per week, yielding a compensation rate of $264.09.
 ***********
Based on the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is fifty-eight years old (DOB: 9/2/43) and has a high school education. Plaintiff has prior work experience in wiring, assembly and inspecting for ATT, and as a cook in a school cafeteria.
2. Plaintiff sustained an injury on January 6, 1995. Plaintiff's Form 18 describes the injury as a hip strain and torn ligaments. Plaintiff's average weekly wage at the time the alleged incident was $396.14 per week, which works out to about $9.90 per hour based on a forty hour week.
3. Plaintiff was placed on light duty by the plant nurse until she was able to see the plant doctor, Hunter G. Strader, M.D. Plaintiff saw Dr. Strader on January 10, 1995, at which time he thought that plaintiff had sustained a pulled groin muscle; however, when she did not improve he referred her to Dr. Riggan at Lexington Orthopaedic Clinic. Medical records indicate that Dr. Strader placed plaintiff on a sit-down job for three weeks and then took her out of work on January 31, 1995.
4. Plaintiff was evaluated by several physicians to determine the cause of her symptoms which primarily consist of subjective complaints of left hip pain and lower extremity weakness. Plaintiff has had numerous diagnostic studies. Plaintiff had a bone scan of her left hip which was essentially normal. An MRI was essentially normal with exception of report of diminished disc space at L5-S1 consistent with degenerative disc disease. EMG and NCS were performed at High Point Regional Hospital, however, failed to find radiculopathy, myopathy, or neuropathy. Lumbar myelogram and subsequent enhanced CT scan were reported to be essentially normal with a small laminar defect on the left side at L5-S1, however, with a normal nerve root. Dr. Saul Schwartz, a neurosurgeon with The Johnson Neurological Clinic, and Dr. David L. Kelly, Jr. a neurosurgeon with Bowman Gray School of Medicine, separately concluded that plaintiff did not have any pathology that would require surgery. Plaintiff was noted to have sciatica by history with no apparent cause. The greater weight of the evidence suggests that plaintiff has piriformis and left-sided lateral rotator syndrome as a result of her January 6, 1995 injury.
5. Plaintiff was released, on August 20, 1995, by Dr. Gregory Dean Mieden, to return to work on August 28, 1995, with the restrictions set out in her Functional Capacity Evaluation, which stated: "Because of the repetitive lifting involved in her job as conveyor tuber, I do not feel she will be able to return as the requirements exceed her capability. She will best handle a job that will allow for the frequent changes of position at will with reduced lifting demands — occasionally with a 15 lb. range."
6. In a report dated November 6, 1995, Hugo Tettamanti, M.D., plaintiff's family doctor reported that plaintiff was evaluated for hypertension, morbid obesity, and severe depression. At that time Dr. Tettamanti indicated that plaintiff was not able to engage in gainful employment. On January 22, 1996, Dr. Tettamanti reported that plaintiff had been referred to Dr. Bahrani, a psychiatrist, and that plaintiff "appears to be markedly improved." There is no evidence in the record that Dr. Tettamanti relates the hypertension, morbid obesity, or severe depression to plaintiff's compensable January 6, 1995 injury. Further, there is no evidence that Dr. Tettamanti continued with the opinion that plaintiff was not able to return to work after her marked improvement. The Full Commission gives greater weight to the FCE and the August 28, 1995 release to return to work than the opinions expressed in the reports of Dr. Tettamanti and Dr. Bahrani because the FCE is based on objective testing.
7. Plaintiff described her position at time of injury as requiring her to take tubes that weigh up to 25 pounds off a conveyor and place them on a hand truck a few feet away. The medical evidence establishes that plaintiff cannot, or at least could not as of August 28, 1995, perform her former work for defendant-employer. Although the deputy commissioner hearing was held on February 26, 1996, no evidence was presented at the hearing that plaintiff was looking for work, that she could not find work, that she was working as a lesser sum, or that it would be futile for her to seek employment. Further, neither party asked to reopen the record or to otherwise present additional evidence for consideration by the Commission.
8. Dr. Mieden in his November 27, 1995, report indicates that he has "rated and released" plaintiff; however, his rating is not in evidence. The Full Commission in this Opinion and Award, therefore, does not address whether plaintiff is entitled to further benefits pursuant to § 97-31 of the Act.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury, consisting of piriformis and left-sided lateral rotator syndrome, by accident or specific traumatic incident on 6 January 1995, while in the course and scope of her employment with defendant. N.C.G.S. § 97-2(6).
2. As a result of the injury by accident plaintiff was temporarily totally disabled from 31 January 1995 through August 28, 1995, when she was released to work pursuant to the results of her FCE.
3. Plaintiff has failed to establish that she has been disabled from work for her compensable injury after August 28, 1995. The burden is on the employee to show that she is unable to earn the same wages she had earned before the injury, either in the same employment or in other employment. Hilliard v. Apex Cabinet Co., 305 N.C. 593, 595,290 S.E.2d 682, 684 (1982); Coppley v. PPG Industries, 133 N.C. App. 631,516 S.E.2d 184 (1999). The employee may meet this burden in one of four ways: (1) the production of medical evidence that she is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that she is capable of some work, but that she has, after a reasonable effort on her part, been unsuccessful in her effort to obtain employment; (3) the production of evidence that she is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that she has obtained other employment at a wage less than that earned prior to the injury. Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993); Tyndall v. Walter Kidde Co.,102 N.C. App. 726, 403 S.E.2d 548, disc. rev. denied, 329 N.C. 505,407 S.E.2d 553 (1991). Under the facts of this case, plaintiff has failed to meet her burden to prove disability. First, she has not established that she is incapable of working in any employment. The FCE and release to return to work by Dr. Mieden establish that plaintiff has some capacity for employment. Further, Plaintiff has not presented any evidence directed toward the second through fourth factors of theHillard-Russell test for disability. There is no evidence to allow the Commission to determine that plaintiff cannot earn the same wage as her pre-injury wage or that it would be futile for her to seek employment. The burden was on plaintiff to establish disability and she had not presented evidence to allow the Commission to determine that she is disabled after she was released to return to work in August 1995. SeeHilliard v. Apex Cabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682, 684
(1982); Coppley v. PPG Industries, 133 N.C. App. 631, 516 S.E.2d 184
(1999); Russell v. Lowes Product Distribution, 108 N.C. App. 762,425 S.E.2d 454 (1993).
3. Plaintiff's average weekly wages at the time of the accident were $396.14. yielding a compensation rate of $264.09.
4. Defendant is obligated to pay all medical expenses incurred or which will be incurred as a result of plaintiff's compensable injury that may cure or give relief or tend to lessen plaintiff's disability.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees hereinafter awarded, defendant shall pay to plaintiff temporary total disability benefits at the rate of $264.09 per week for the period from 31 January 1995 through August 28, 1995.
2. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury when bills for same have been submitted, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. An attorney's fee of twenty-five (25) percent of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel and shall be paid as follows: twenty-five percent (25%) of the amount due plaintiff shall be deducted and paid directly to plaintiff's attorney.
4. Should the parties have dispute concerning plaintiff's entitlement to benefits pursuant to § 97-31, either party may request a hearing by filing a Form 33.
5. All costs of the proceedings before the Industrial Commission are assessed against defendant, if not already paid.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
DISSENTING WITHOUT WRITTEN OPINION:
 S/_____________ THOMAS J. BOLCH COMMISSIONER