***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner DeLuca. The appealing parties have not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner DeLuca with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the Deputy Commissioner, and the Industrial Commission has jurisdiction over the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. The parties were subject to the Workers' Compensation Act at the time of the alleged injury and/or occupational disease, and an employer-employee relationship existed between them. The above-designated carrier was on the risk at the time of the injury, alleged or otherwise.
4. The employee alleges that she sustained an injury by accident or specific traumatic incident to her back or spine on July 20, 2002.
5. The employee's average weekly wage was $400.02, yielding a compensation rate of $266.68.
6. The employee last worked for Leith Toyota on or about July 20, 2002, and she has neither worked nor earned wages since that date.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing plaintiff was a 36 year old high school graduate. She had received on the-job training as a mechanic when she worked for an auto dealer.
2. Plaintiff's prior work experience included working in a knitting mill, as a painter's assistant and as a mechanic.
3. Plaintiff began working for Leith Toyota as an express lube technician on July 1, 2002. Her duties consisted of performing oil changes, lubricating vehicles, and rotating and balancing tires.
4. On July 20, 2002, between 2:30 and 3:00 p.m., plaintiff was given a work order for a car, which included changing the oil, rotating tires and doing a front brake job. The dealership closed at 4:00 p.m., and the brake job alone usually took two hours. Since plaintiff had less than one and one half hours to perform all of the work on the car, she had to work very quickly. While she was doing this job she felt a pull in her back, but she was able to complete her shift.
5. On the following day, plaintiff experienced a great deal of pain. On July 22, 2002, plaintiff called the employer to report that she was unable to work because of back pain and would be seeking medical treatment. Although conflicting evidence was offered on this point, plaintiff testified credibly and it is found as a fact that she told Bobby Cyr that she had injured her back at work.
6. Plaintiff first presented to Dr. John Cheek, family practitioner, reporting back pain. A patient information form was completed for plaintiff which indicated that she would pay for the evaluation in cash and that this was not a workers' compensation claim. Plaintiff did tell Dr. Cheek that she had begun to experience pain after work on July 20, 2002. Dr. Cheek had no other information about any specific precipitating cause for plaintiff's pain.
7. Dr. Cheek saw plaintiff several times in the weeks that followed. Dr. Cheek ordered an MRI, which was performed on or about August 9, 2002. At the time of the MRI, there was a normal alignment of the spine and no evidence of arthritis or other abnormalities. The MRI did show a mild disk bulge at L4-5 and L5-S1.
8. Plaintiff went through a course of physical therapy and conservative treatment. When plaintiff reported that her condition did not significantly improve, Dr. Cheek referred plaintiff to Dr. Russell Margraf, a neurosurgeon. Dr. Margraf examined plaintiff on September 19, 2002, and he opined that plaintiff should continue therapy and epidural steroid injections.
9. When plaintiff did not significantly improve with the treatment of Dr. Margraf, she sought medical treatment from Dr. William Lestini, a Board Certified orthopedic surgeon. The first evaluation by Dr. Lestini was on January 14, 2003. At this time, plaintiff reported to Dr. Lestini that she was doing her usual job at work and her back began to hurt. She did not report anything unusual or any specific event. Dr. Lestini found no objective problems and made no organic findings.
10. Dr. Lestini ordered a diskogram. The results of this procedure were "discordant". This finding was made because plaintiff reported pain when normal disks were being tested, and normal disks should not produce pain.
11. The last examination by Dr. Lestini occurred on February 11, 2003. At that time, he found no objective evidence that plaintiff could not return to work, and that she was capable of returning to work with no physical restrictions.
12. Dr. Cheek treated plaintiff for this injury from July 22, 2002 through April 2003. He considered plaintiff unable to perform mechanic's duties during that entire time. However, he did not know what the specific duties of plaintiff's position were. Moreover, he would not offer an opinion as to whether plaintiff was able to perform light work during this period, or other work such as that of a service writer.
13. In early August 2002, plaintiff spoke by telephone with Mr. Eugene Meyle, her supervisor, and inquired as to whether there was any light work she could do. Mr. Meyle indicated that such work was not available. Otherwise, plaintiff made no effort to find employment from July 22, 2002, through the date of the hearing in this matter.
14. Plaintiff sustained an injury by accident or specific traumatic incident arising out of and in the scope of her employment as a direct result of the work assigned on July 20, 2002. However, no disability resulting from this injury by accident has been established.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On July 20, 2002, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant employer as a direct result of the work assigned July 20, 2002. N.C. Gen. Stat. §97-2(6).
2. Plaintiff is not entitled to any presumption of disability, and the initial burden of proving loss of wage-earning capacity is on the plaintiff. Coppley v. PPG Industries, 133 N.C. App. 631, 516 S.E.2d 184
(1999).
3. In order to prove disability, the burden is on the plaintiff to show that she is unable to earn the same wages she had earned before the injury, either in the same employment or in other employment. The plaintiff may meet this burden by showing either: the production of medical evidence that she is physically or mentally, as a consequence of the work-related injury, incapable of work in any employment; the production of evidence that she is capable of some work, but that she has, after a reasonable effort on her part, been unsuccessful in her effort to obtain employment; the production of evidence that she is capable of some work but that it would be futile because of pre-existing conditions, i.e. age, inexperience, lack of education, to seek other employment; or the production of evidence that she has obtained other employment at a wage less than that earned prior to her injury. Russellv. Lowes Prod. Distribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
4. Plaintiff has failed to establish disability pursuant to N.C. Gen. Stat. § 97-2(9).
5. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for indemnity is hereby DENIED.
2. Defendant(s) shall pay for medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25.
3. Defendants shall pay the costs.
This the ___ day of December 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
 S/____________ BUCK LATTIMORE CHAIRMAN
PTY:db