***********
The undersigned reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips. The appealing party has shown good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission rejects the findings of fact in the Opinion and Award of Deputy Commissioner Phillips and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter. *Page 2 
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. All parties have been properly designated, and there is no question as to misjoinder or non-joinder of parties.
4. Plaintiff sustained a compensable injury to his back on or about December 15, 2004.
 ***********
The following documentary evidence was received as:
 EXHIBITS
Stipulated Exhibit 1: Industrial Commission Forms
Stipulated Exhibit 2: Plaintiff's Medical Records
Stipulated Exhibit 3: Plaintiff's Discovery Responses
Deposition of Dr. Califf
 ***********
Plaintiff's Counsel requested that the deputy commissioner allow plaintiff to supplement the record with additional documentation concerning the issue of plaintiff's average weekly wage, however, the evidentiary record closed in this matter on August 10, 2007 and as such, said motion was DENIED.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 3 
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was thirty-eight years old with a high school education. Plaintiff began working for defendant in 2002. In 2004, plaintiff became a foreman of a work crew with defendant. As a foreman, plaintiff's job duties were to supervise workers at job sites and to make sure jobs were completed. Prior to working for defendant, plaintiff worked as a boom truck driver and helped his wife manage a nightclub.
2. On December 15, 2004, plaintiff injured his back when he was working in the town of Smithfield, North Carolina. Plaintiff continued to work following the incident but his back pain became progressively worse and he went to the emergency room at Alamance Regional Medical Center on January 3, 2005. Plaintiff was taken out of work until he saw a doctor at Kernodle Clinic on January 11, 2005.
3. On January 11, 2005, plaintiff was examined by Larry C. Phillips, a physician's assistant (P.A.), at the Kernodle Clinic. Dr. Califf was assigned to the case. Dr. Califf's notes indicate that plaintiff injured his back while working on December 15, 2004 and that since that time, plaintiff has been unable to work his normal job. Dr. Califf diagnosed plaintiff with persistent back pain and possible radiculopathy and recommended an MRI of his lumbar spine and conservative treatment measures. On January 11, 2005, plaintiff was assigned light-duty work under restrictions that limited him to deskwork only. Defendant did not have deskwork available.
4. Plaintiff's January 14, 2005 MRI revealed no evidence of herniated discs, although there was some mild stenosis from L3-S1. On February 4, 2005, plaintiff reported to Dr. Califf that he had some improvement through physical therapy. Dr. Califf diagnosed *Page 4 
plaintiff with back pain, probably musculoskeletal which is improving slowly. Dr. Califf continued plaintiff's conservative treatment and light duty restrictions.
5. On April 7, 2005, plaintiff underwent a functional capacity evaluation (FCE), which placed plaintiff in the heavy category for lifting below the waist and in the light category for lifting above the waist. On April 14, 2005, following plaintiff's FCE, Dr. Califf continued plaintiff on light duty with restrictions of no lifting more than ten pounds above the waist and no repetitive bending. Dr. Califf referred plaintiff to the pain clinic for consideration of an epidural injection.
6. On June 1, 2005, Dr. Califf treated plaintiff again for persistent back pain and leg pain. Dr. Califf noted that apparently there was not any light duty work available to plaintiff and recommended that plaintiff participate in a vocational rehabilitation evaluation to assist with job placement. On July 14, 2005, Dr. Califf noted that he recommends that plaintiff return to work within his restrictions according to plaintiff's FCE.
7. On February 6, 2006, Dr. Califf performed a decompression at L4-5 with Dynesys stabilization of plaintiff's spine and a soft fusion. On February 15, 2006, Dr. Califf reported that plaintiff would not return to the pain clinic until postoperative rehabilitation is complete, and he anticipated that it would be six months before plaintiff would be at maximum medical improvement (MMI). Plaintiff was taken out of work following his February 6, 2006 surgery.
8. On June 29, 2006, Dr. Califf noted that plaintiff should continue physical therapy and could return to work doing sedentary or light duty work. On September 19, 2006, plaintiff returned to Dr. Califf with complaints of persistent back and left leg pain. Dr. Califf noted that plaintiff's August 25, 2006 EMG and nerve conduction studies were unremarkable. Dr. Califf recommended that plaintiff restart physical therapy and not work until seen again. *Page 5 
9. On October 31, 2006, plaintiff returned to Dr. Califf with reports of persistent back and leg discomfort. Dr. Califf recommended a myelogram and CT scan and returned plaintiff to light duty work with directions to limit lifting, bending, and twisting.
10. On December 18, 2006, plaintiff returned to Dr. Califf for a follow-up. Dr. Califf noted that plaintiff's December 8, 2006 myelogram and CT scan revealed no evidence of neural compromise. Dr. Califf diagnosed plaintiff with chronic pain syndrome and possible bilateral carpal tunnel syndrome, which was noted as not work-related. Plaintiff was allowed to return to light duty work.
11. Plaintiff was capable of sedentary or light duty work during the periods of time from January 11, 2005 through February 6, 2006, June 29, 2006 through September 19, 2006, and October 31, 2006 through the present.
12. Dr. Califf testified that if plaintiff located any employment within his restrictions, that he would allow plaintiff to return to work in that capacity. Plaintiff testified that defendant did not have employment available for him within his restrictions. However, plaintiff did not perform any job search seeking employment on his own within his restrictions. Plaintiff did not contact any other potential employers nor submit any job applications.
13. Dr. Califf's treatment of plaintiff for his December 15, 2004 compensable injury by accident is reasonable and necessary to effect a cure, provide relief, or lessen plaintiff's period of disability.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 6 
 CONCLUSIONS OF LAW
1. Plaintiff sustained an admittedly compensable injury by accident on December 15, 2004. N.C. Gen. Stat. § 97-2(6).
2. Disability is defined as the "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." Johnson v. Southern Tire Co.,358 N.C. at 707; N.C. Gen. Stat. §§ 97-2(9), 97-29.
3. To establish disability, plaintiff must establish facts indicating: "(1) [Plaintiff] was incapable of earning pre-injury wages in the same employment, (2) she was incapable of earning pre-injury wages in any other employment, and (3) the incapacity to earn pre-injury wages in either the same or other employment was caused by [the] Plaintiff's injury." Parker v. Wal-Mart Stores, Inc., 156 N.C. App. 209, 211-12,576 S.E.2d 112, 113-14 (2003); see Hilliard v. Apex Cabinet Co.,305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982).
4. Plaintiff has failed to meet his burden of proof that he continues to be disabled as a result of his compensable injury. Johnson v.Southern Tire Co., 358 N.C. 701, 706, 599 S.E.2d 508, 512 (2004).
5. As plaintiff is capable of some work, plaintiff has failed to meet his burden of proving the nature and extent of his disability. Plaintiff did not make any effort to find suitable employment after he was released to return to work in sedentary or light duty work; therefore, plaintiff did not prove that he was incapable of working in any employment or that it would be futile to him to look for any employment. Plaintiff has failed to prove actual wage earning disability during the periods of time that he was capable of light duty employment from January 11, 2005 through February 6, 2006, June 29, 2006 through September 19, 2006, and October 31, *Page 7 
2006 through the present. N.C. Gen. Stat. §§ 97-29; 97-30; Hilliard v.Apex Cabinet Company, 305 N.C. 593 (1982); Russell v. Lowe's ProductsDistribution, 108 N.C. App. 762 (1993).
6. Plaintiff has failed to prove that he is entitled to ongoing temporary totally disability benefits as a result of his compensable injury on December 15, 2004. N.C. Gen. Stat. § 97-29.
7. As a result of plaintiff's compensable injuries occurring on December 15, 2004, plaintiff is entitled to payment of medical care suggested by Dr. Califf that may reasonably be required to effect a cure, provide relief, or lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for ongoing temporary total disability benefits is DENIED.
2. All medical care prescribed by Dr. Califf which may reasonably be required to effect a cure, provide relief, or lessen plaintiff's period of disability due to plaintiff's December 15, 2004 compensable injury by accident shall be paid by defendants.
3. Defendants shall pay the costs due the Commission.
This the 20th day of May 2008.
S/___________________ BUCK LATTIMORE COMMISSIONER
 CONCURRING: *Page 8 
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1