ROBERT BAXTER, EMPLOYEE, PLAINTIFF v. DANNY NICHOLSON, INC., EMPLOYER, SELF-INSURED (KEY RISK MANAGEMENT SERVICES, SERVICING AGENT), DEFENDANT

No. COA07-865

(Filed 17 June 2008)

**Workers' Compensation— evenly divided panel—hold-over commissioner**

An Industrial Commission decision was remanded where one of the commissioners had properly served in a hold-over capacity since the expiration of his term, but the Governor issued a letter informing him that his successor had been appointed on the same day he signed this opinion and award. He was not a qualified officer de jure or de facto, his concurrence in the opinion was a nullity, and there was no majority on the evenly divided panel. The Industrial Commission acts by a majority of its qualified members.

Appeal by defendant from Opinion and Award entered 5 February 2007 and Order denying defendant's Motion to Vacate and for Reconsideration entered 13 March 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 16 January 2008.

BAXTER v. DANNY NICHOLSON, INC.

[191 N.C. App. 168 (2008)]

*William D. Acton, Jr. for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Shelly W. Coleman, for defendant-appellant.*

BRYANT, Judge.

Defendant Danny Nicholson, Inc. (employer) appeals from an Opinion and Award entered 5 February 2007, which found Plaintiff Robert Baxter (employee) totally disabled, reinstated the employee's temporary total disability benefits, and awarded employee attorney's fees. Additionally, employer appeals from an order denying it's motion to vacate and reconsider the 5 February 2007 Opinion and Award. We vacate the Opinion and Award and remand the matter to the Industrial Commission.

This case arises from a dispute between employee and employer as to employer's obligation to continue total disability benefit payments to employee after employee engaged in a trial return to work. A hearing on the matter was conducted before Deputy Commissioner Ronnie Rowell of the North Carolina Industrial Commission. Subsequently, the deputy commissioner entered an Opinion and Award which awarded employee compensation benefits, ordered employer to pay all medical expenses incurred or to be incurred by employee for so long as such treatment may reasonably be required, pay employee ten percent on the amounts owed him for unpaid past disability benefits and underpaid past disability benefits, and pay a reasonable attorney's fee of twenty-five percent (25%) of the compensation and penalties due employee. Employer sought review before the Full Commission.

On 14 November 2006, a Full Commission panel (hereafter "the Commission"), consisting of Commissioners Bernadine Ballance, Thomas Bolch, and Chairman Buck Lattimore, reviewed the competent evidence of record, and on 2 February 2007, Commissioner Ballance, with Commissioner Bolch concurring, signed an Opinion and Award which modified and affirmed the Opinion and Award of the deputy commissioner. Commissioner Lattimore dissented, resulting in a two-to-one split. That same day, the North Carolina Office of the Governor issued a letter informing Commissioner Bolch his term as Commissioner had expired and his successor had been appointed. On 5 February 2007, the Commission filed its Opinion and Award. A few days later, on 9 February 2007, Commissioner Bolch's successor took the oath of office.

BAXTER v. DANNY NICHOLSON, INC.

[191 N.C. App. 168 (2008)]

Employer moved to vacate the Full Commission's Opinion and Award on the grounds that at the time it was filed Commissioner Bolch was not a qualified commissioner; thus, considering the split opinion, the Commission had no majority vote. The Commission denied the motion. Employer timely filed a notice of appeal to this Court from both the Opinion and Award and the denial of the motion to vacate the Opinion and Award.

---

On appeal, employer raises four issues: (I) whether the Commission erred by finding and concluding employee met his burden of proving ongoing disability; (II) whether the Commission erred by finding and concluding employer improperly terminated employee's benefits; (III) whether the Commission unjustifiably sanctioned employer; and (IV) whether the Opinion and Award of the Full Commission is void. We address only the last issue.

Employer argues Commissioner Bolch, who voted in the majority of the two-to-one split, was not a qualified commissioner at the time the Opinion and Award was filed because his term as commissioner had ended and his successor had been appointed. Employer argues that as a result, the Commission lacked the majority needed to act. We agree.

The Full Commission shall review an award, heard and determined by a deputy commissioner of the North Carolina Industrial Commission, as a three-member panel. N.C. Gen. Stat. § 97-85 (2007). "The North Carolina Industrial Commission . . . acts by a majority of its qualified members at the time decision is made." *Gant v. Crouch*, 243 N.C. 604, 607, 91 S.E.2d 705, 707 (1956). "Thus, a vote of two members constitutes a majority of the Commission empowered to act for the three-member Commission." *Estes v. North Carolina State Univ.*, 117 N.C. App. 126, 128, 449 S.E.2d 762, 764 (1994).

Our Court has previously held, by analogy to the North Carolina Rules of Civil Procedure, Rule 58 (stating "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court"), that where a commissioner who concurred in the majority of a split decision left office prior to the filing of the Opinion and Award no majority existed at the time of the filing as a matter of law. *See Coppley v. PPG Indus., Inc.*, 142 N.C. App. 196, 198-99, 541 S.E.2d 743, 744 (2001). Thus, the dispositive issue is whether Commissioner Bolch was, at the time of filing, qualified to act on behalf of the office of Commissioner of the North Carolina Industrial Commission.

## BAXTER v. DANNY NICHOLSON, INC.

[191 N.C. App. 168 (2008)]

Our North Carolina State Constitution provides that "[i]n the absence of any contrary provision, all officers in this State, whether appointed or elected, shall hold their positions until other appointments are made or, if the offices are elective, until their successors are chosen and qualified." N.C. Const. art. VI § 10; *see also*, N.C. Gen. Stat. § 128-6 (2007) ("Any person who shall, by the proper authority, be admitted and sworn into any office, shall be held, deemed, and taken, by force of such admission, to be rightfully in such office until, by judicial sentence, upon a proper proceeding, he shall be ousted therefrom, or his admission thereto be, in due course of law, declared void."). Under North Carolina General Statute section 128-7, "[a]ll officers shall continue in their respective offices until their successors are elected or appointed, and duly qualified." N.C. Gen. Stat. § 128-7 (2007). Our North Carolina Supreme Court has held "[t]he appointment holds till the proper appointing powers concur in selecting his successor, and then expires." *Salisbury v. Board of Directors*, 167 N.C. 223, 228, 83 S.E. 354, 355 (1914) (citation omitted).

These hold-over provisions are in accord with "a sound public policy which is against vacancies in public offices and requir[es] that there should always be some one in position to rightfully perform these important official duties for the benefit of the public and of persons having especial interest therein." *Markham v. Simpson*, 175 N.C. 135, 137, 95 S.E. 106, 107 (1918). Consistent with that policy, our appellate courts have long acknowledged distinctions between the authority of de jure and de facto officers, as opposed to usurpers, with regard to third parties and the public.

"A de jure officer is one who is regularly and lawfully elected or appointed and inducted into office and exercises the duties as his right." *People ex rel. Norfleet v. Staton*, 73 N.C. 546, 550 (1875). In contrast, a de facto officer is "one who goes in under color of authority . . . ." *Id.*

An officer de facto is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid, so far as they involve the interests of the public and third persons, where the duties of the office were exercised (1) without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or invoke his action, supposing him to be the officer he assumed to be; (2) under color of a known and valid appointment or election, but where the offi-

cer failed to conform to some precedent requirement or condition, as to take an oath, give a bond, or the like; (3) under color of a known election or appointment, void because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such ineligibility, want of power or defect being unknown to the public; (4) under color of an election or appointment by or pursuant to a public unconstitutional law before the same is adjudged to be such.

*State v. Lewis*, 107 N.C. 967, 971, 12 S.E. 457, 458 (1890). "[A]n officer de facto . . . although irregular, . . . is not a mere usurper . . . ." *Commissioners of Trenton v. McDaniel*, 52 N.C. 107, 113 (1859) (*per curiam*). "[T]here is no difference between the acts of de facto and de jure officers so far as the public and third persons are concerned." *Staton*, 73 N.C. at 551. "A usurper is one who takes possession without authority. His acts are utterly void, unless he continues to act so long a time or under such circumstances as to afford presumption of his right to act." *Van Amringe v. Taylor*, 108 N.C. 201, 12 S.E. 1007 (1891); *see also Whitehead v. Pittman*, 165 N.C. 89, 90, 80 S.E. 976, —— (1914) (after vacating his office, the commissioner's act of voting for the commission was not that of "one holding an office under color of title, and therefore a de facto officer . . . [h]e was a mere usurper, whose acts were utterly void.").

Here, Commissioner Bolch served as a commissioner in a hold-over capacity since 30 June 2004, when his commission expired. Pursuant to article IV, section 10 of our State Constitution and N.C.G.S. §§ 128-6 & 7, a hold-over provision allowed Commissioner Bolch to properly serve until he was reappointed or another person was appointed. *See* N.C. Const. art. IV § 10; N.C.G.S. § 128-6 & 7 (2007). Commissioner Bolch signed the Opinion and Award 2 February 2007, concurring in the majority, thereby creating a split decision. The same day, the Governor of the State of North Carolina issued a letter informing Commissioner Bolch his term as commissioner had ended and his successor had been appointed, effective immediately. The Opinion and Award was filed 5 February 2007.

On 5 February 2007, when the Opinion and Award was filed, Commissioner Bolch was not an officer de jure: his term as commissioner had ended and his successor had been appointed. Additionally, employee presents no argument, and upon our review of the record we see no indication, Commissioner Bolch had colorable title to the office of Commissioner of the North Carolina Industrial Commission

on 5 February 2007. As a result, we cannot hold the concurrence of Bolch in the Opinion and Award filed 5 February 2007 to be the concurrence of an officer de facto. Therefore, because Commissioner Bolch's appointment was void effective 2 February 2007, and because his concurrence in the opinion filed 5 February 2007 was not the act of a qualified officer—neither de jure nor de facto—we hold the concurrence a nullity.

As a result, the panel of the Industrial Commission was evenly split and no majority existed. *See Coppley*, 142 N.C. App. 196, 541 S.E.2d 743. For the reasons stated, we vacate the Opinion and Award and remand the case to the Industrial Commission.

Vacated and remanded.

Judges HUNTER and JACKSON concur.